**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Megan N. Boelter, SBN 340235
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
mboelter@porterscott.com

Attorneys for Defendants CITY OF ROSEVILLE, OFFICER DEAN RIANO, OFFICER SETH ADDINGTON and SERGEANT CHRISTOPHER CIAMPA
*Exempt from filing fee pursuant to Government Code section 6103*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles; | No. 2:22-cv-0085 KJM DB |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly and severally, | |
| Defendants.                                   / | |

Plaintiffs KATHERINE ROBLES and H.R. ("Plaintiffs") and Defendants CITY OF ROSEVILLE, OFFICER DEAN RIANO, OFFICER SETH ADDINGTON AND SERGEANT CHRISTOPHER CIAMPA ("Defendants"), by and through their respective counsels, hereby stipulate and in good faith believe that documents potentially within the scope of discovery for the instant matter, including but not limited to the documents identified below that have been requested by Plaintiffs and Defendants, are

*{02804838.DOCX}*

subject to protection pursuant to Fed. R. Civ. P. 26(c). The terms of this protective order shall apply to the items listed below and any future production of confidential documents that Defendants—or Plaintiffs—may designate in good faith to be confidential.

## STIPULATION AND PROTECTIVE ORDER

Plaintiffs take the position that medical records related to their mental and/or psychiatric health, are confidential and subject to protection pursuant to Fed. R. Civ. P. 26(c). Defendants take the position that certain personnel records for police officers, including confidential information in the officers' personnel files and confidential information in investigation reports, are confidential and subject to protection pursuant to Fed. R. Civ. P. 26(c). Therefore, the parties jointly request a protective order be entered in this case to protect the above referenced confidential records.

**A.    DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants or Plaintiffs designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c).  Confidential Documents, material, and/or information shall be used solely for purposes of litigation.  Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean CITY OF ROSEVILLE, OFFICER SETH ADDINGTON, OFFICER DEAN RIANO AND SERGEANT CHRISTOPHER CIAMPA.

5. "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or way it was stored, generated, or maintained.

6. "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, visual, audio or graphic materials, including all photographic, video or audio recordings, drawings or other physical renderings and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

7. "Information" shall include Documents as described above as well as recordings (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content and the content contained therein.

8. "Plaintiffs" shall mean KATHERINE ROBLES and H.R.

9. "Parties" shall mean Plaintiffs and Defendants, identified above.

10. Pursuant to this Order, any Document and/or Information contained therein, maintained by the City of Roseville relating to DEAN RIANO; SETH ADDINGTON; CHRISTOPHER CIAMPA's performance and employment as a police officers of the City of Roseville including but not limited to:

    a) Personnel files;
    b) Applicant files;
    c) Training and cadet records;
    d) Work history and time records;
    e) Performance evaluations;
    f) Commendations and promotions;
    g) Medical records and evaluations;
    h) Disciplinary records;

*{02804838.DOCX}*

    i) Civilian complaints;

    j) Internal investigations;

    k) Records of external investigations by other agencies;

    l) Previous litigations;

including all originals, copies and non-conforming copies of any photograph, whether digital, film, or film negative, any video or digital recording, print image, sketch, computer-generated rendering, likeness or visual depictions, notes, or any other physical record maintained by the City of Roseville shall be deemed "Confidential Personnel Materials."

  11. Pursuant to this Order, any Document and/or Information and/or Discovery Material contained therein, maintained or produced by Plaintiffs relating to Plaintiffs' medical records, which relate to their mental and/or psychiatric health shall be deemed "Confidential Medical Records."

  12. Defendants do not stipulate or agree that every document that potentially falls within the scope of "Confidential Personnel Materials" is discoverable. To the extent those documents are discoverable, they will be produced pursuant to the terms of this protective order.

**B. TERMS OF THE PROTECTIVE ORDER**

  IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the following terms apply to documents designated as "Confidential" as described above, by the Defendants or Plaintiffs and produced subject to the following Protective Order:

  1. The Confidential Documents shall be used solely in connection with the civil case *Katherine Robles v. City of Roseville, et al.* No. 2:22-cv-00085-KJM-DB (E.D. Cal.) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

  2. The "Designating Party" will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

  3. The Confidential Documents may only be disclosed to the following persons:

  (a) Counsel for Plaintiffs, including partners and associate attorneys in their offices, as counsel for Plaintiffs in this case;

  (b) Counsel for Defendants, including partners and associate attorneys in their offices, as counsel for Defendants in this case;

  (c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b), including stenographic deposition reporters or videographers retained in connection with this action;

  (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

  (e) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

  (f) The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel;

  (g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential; and

  (h) The parties to this action and any representatives acting on their behalf for this action.

  4. Before any Confidential Documents may be disclosed to persons described in Subsections (a)-(h) in paragraph 3 above, each person to whom such Confidential Documents are disclosed, except for Court officials and employees, shall be provided with a copy of this Protective Order and shall sign a written certification in the form of the undertaking attached hereto and incorporated herein.

  5. No notes, lists, memoranda, index, electronic images, databases or compilation prepared based wholly or in part upon examination of Confidential Documents shall be disseminated to anyone not authorized to have access to Confidential Documents.

  6. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

7. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

8. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of receiving notice of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge. Failure by the Designating Party to make such a motion within twenty-one (21) days shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

*{02804838.DOCX}*

9. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media, provided that the Challenging Party has not obtained, by challenge or otherwise, the removal of the confidentiality designation from the Confidential Documents.

10. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality designations. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties, unless the Challenging Party has obtained removal of the confidentiality designations from certain documents.

14. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

*{02804838.DOCX}*

**IT IS SO STIPULATED.**

Dated: September 20, 2022       PORTER SCOTT
                                A PROFESSIONAL CORPORATION


                                By:  /s/ *Megan N. Boelter*
                                     William E. Camy
                                     Megan N. Boelter
                                     Attorneys for Defendants


Dated: September 20, 2022       ALEMI LAW



                                By:  /s/ *Luiza Dias*
                                     Luiza Dias
                                     Samander Alemi
                                     Attorneys for Plaintiffs

## **ORDER**

IT IS HEREBY ORDERED that the parties' stipulation (ECF No. 23) is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents'

////

*{02804838.DOCX}*

shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

    3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

    4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

    5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

    6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

    7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

    8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: September 23, 2022        /s/ DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE

# CERTIFICATION RE
# AGREEMENT CONCERNING DOCUMENTS
# COVERED BY PROTECTIVE ORDER

I hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (hereinafter "Order"), in *ROBLES v. CITY OF ROSEVILLE, et al.*, Case No. 2:22-cv-00085-KJM-DB.

I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Documents to anyone, except as allowed by the Order. I will maintain all such Confidential Documents – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this action, I shall either (a) return such documents to counsel for the party or non-party who provided such information, or at my election, (b) destroy such documents and certify in writing that the documents have been destroyed.

I hereby consent to the jurisdiction of the Eastern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

By: _____

Address: _____

_____

_____

Phone: _____

*{02804838.DOCX}*