LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No. 2:22-cv-00085-DC-SCR<br><br>*Hon. District Judge Dena Coggins*<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Date: November 14, 2025<br>Time: 1:30 p.m. |

Pursuant to this Court's Orders (Dkt. 49, 53) and Local Rule 281, the parties—Plaintiffs Katherine Robles and H.R., and Defendants City of Roseville and Dean Riano—submit this Joint Pretrial Statement.

1. **JURISDICTION AND VENUE (L.R. 281(b)(1))**

The parties agree that this Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343(3), and supplemental jurisdiction over Plaintiffs' California law claims under 28 U.S.C. § 1367 because they depend on the same core operative facts. The parties also agree venue is proper under 28 U.S.C. §1391(b) because all relevant events in this action occurred within the County of Placer.

2. **TRIAL BY JURY (L.R. 281(b)(2); Standing Order § VII(B)(7))**

All parties have made a timely demand for trial by jury. The parties estimate that the trial will take between seven to ten (7-10) court days.

The Court's standing order directs the parties to identify "any scheduling issues that could impact the trial." (Standing Order § VII(B)(7).) A trial in this action has not yet been scheduled, and lead counsel for Plaintiffs and Defendants each have previously scheduled trials scheduled in other matters during the period within 60 to 120 days from the pretrial conference. However, as the Court has directed [Dkt. 53], counsel will have a list of proposed trial dates at the pretrial conference and will be prepared to address any known scheduling issues at that time.

3. **UNDISPUTED FACTS (L.R. 281(b)(3))**

   a. This incident occurred on February 21, 2021.
   b. This incident occurred at Profile Nails Salon in Roseville, California.
   c. Plaintiff Katherine Robles is the mother of minor Plaintiff H.R.
   d. On the date of the incident, Plaintiff Katherine Robles and her daughter, who is not a party to this action, were customers at the salon.
   e. At the salon, Plaintiff Katherine Robles called 911 to request assistance at the salon in resolving a dispute between her daughter and another customer.
   f. Shortly after the 911 call, Plaintiff Katherine Robles and her children exited the salon.
   g. Two police officers from the Roseville Police Department, Defendant Dean Riano and Seth Addington, arrived at the salon in response to the 911 call.

h. After the officers' arrival, Plaintiff Katherine Robles and her children were interviewed outside by Officer Addington.

i. After the officers' arrival at the salon, the patron who was the subject of the 911 call was interviewed inside of the salon by Defendant Dean Riano.

j. During the incident, Defendant Dean Riano brought Plaintiff Katherine Robles down to the ground.

k. During the incident, Defendant Dean Riano handcuffed and arrested Plaintiff Katherine Robles.

l. Defendant Dean Riano did not have a warrant for Plaintiff Katherine Robles's arrest.

m. At all relevant times, Defendant Dean Riano acted under color of state and local law.

n. At all relevant times, Defendant Dean Riano acted within the course and scope of his employment with the City of Roseville.

**4.    DISPUTED FACTUAL ISSUES (L.R. 281(b)(4))**

a. Whether, before using physical force against Plaintiff Katherine Robles or arresting her, Defendant Dean Riano informed her that she was not free to leave.

b. Whether a reasonable officer would have formed the impression that Plaintiff Katherine Robles posed an immediate threat of harm to others at the time Defendant Dean Riano used physical force against her, including in bringing her down to the ground.

c. Whether Defendant Dean Riano issued appropriate verbal commands to Plaintiff Katherine Robles before using physical force against her.

d. Whether and at what point Defendant Dean Riano detained Plaintiff Katherine Robles prior to arresting her.

e. Whether it was feasible for Defendant Dean Riano to verbally warn Plaintiff Katherine Robles that force would be used against her before using force against her.

f. Whether Defendant Dean Riano's conduct and tactics prior to his use of force against Plaintiff Katherine Robles were appropriate and reasonable.

    g. Whether Plaintiff Katherine Robles threatened Amanda Hicks in Defendant Dean Riano's presence.

    h. Whether Plaintiff Katherine Robles refused any lawful command by Defendant Dean Riano to leave the nail salon.

    i. Whether Plaintiff Katherine Robles attempted to flee the scene after she was detained by Defendant Dean Riano.

    j. Whether Plaintiff Katherine Robles' head struck the ground.

    k. Whether Plaintiff H.R. observed the alleged injuries to Plaintiff Katherine Robles.

    l. The nature, extent, and relatedness of Plaintiff Katherine Robles' claimed physical, cognitive and emotional injuries.

    m. The nature, extent, and relatedness of Plaintiff H.R.'s emotional injuries.

    n. Whether Plaintiff Katherine Robles' and H.R.'s emotional distress was pre-existing and not caused by the incident.

    o. Whether Plaintiff Katherine Robles' physical and cognitive injuries were caused by accidents subsequent to the subject incident.

    p. Whether criminal charges were brought against Plaintiff Katherine Robles as a result of the incident.

    q. Whether Defendant Dean Riano's actions were extreme and outrageous.

    r. Whether Defendant Dean Riano had a lawful basis to detain Plaintiff Katherine Robles.

    s. Whether Plaintiff Katherine Robles attempted to break free from Defendant Dean Riano's detention.

    t. Whether and to what extent Plaintiff Katherine Robles resisted Defendant Dean Riano.

    u. Whether Defendant Dean Riano used unreasonable force to overcome any resistance by Plaintiff Katherine Robles and to detain and arrest her.

5. **DISPUTED EVIDENTIARY ISSUES (L.R. 281(b)(5))**

a. Plaintiffs anticipate filing the following motion *in limine*: (1) To exclude any post-incident findings by any agency; (2) To exclude evidence or argument related to minor Plaintiff H.R.'s protected educational records; (3) To exclude evidence or argument related to any juvenile court proceeding or related criminal proceeding involving any minor; (4) To exclude evidence or argument related to calls to law enforcement, law enforcement contacts, or other related records involving Plaintiffs separate from the subject incident or of which Defendant Dean Riano was otherwise unaware on the date of the subject incident; (5) To exclude evidence or argument regarding whether Plaintiff Katherine Robles ever expressed any belief before or after the date of the subject incident that she was being stalked or surveilled by any person; and (6) To exclude evidence or argument regarding any child protective services inquiry into Plaintiff Katherine Robles or any of her children at any time.

b. Defendants anticipate filing the following motions *in limine*: (1) To exclude evidence or any testimony from Plaintiffs' non-retained expert witness Dr. David Kheradyar; (2) To exclude evidence and testimony regarding Defendant Dean Riano's departure from his employment with the City of Roseville; (3) To exclude evidence and testimony regarding any prior uses of force by Defendant Dean Riano; and (4) To exclude evidence and testimony from Dr. Lester Zackler, Dr. Bennett Williamson, and Dr. David Patterson regarding causation.

c. The parties reserve the right to file additional motions *in limine* pursuant to the deadlines provided by the Court at the Final Pretrial Conference.

d. At this time, the parties do not anticipate disputes concerning the admissibility of deposition testimony, physical and demonstrative evidence, or the use of special technology at trial.

## 6. SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS—TORT ACTION FOR PERSONAL INJURY (L.R. 281(b)(6)(iv))

A. Date, Place, and General Nature of Incident (L.R. 281(b)(6)(iv)(A))

This incident occurred on February 21, 2021, at Profile Nails Salon in Roseville, California. Plaintiffs allege that after the arrival of then-Roseville Police Department officer Defendant Dean Riano at the salon, Defendant Dean Riano grabbed Plaintiff Katherine Robles after not telling her that she was not free to leave, before twice bringing her down to the ground, during which her head struck the concrete walkway with significant force before arresting her. Plaintiff H.R. witnessed these uses of force against his mother and alleges he experienced significant emotional distress as a result.

Defendants dispute these allegations. Defendants contend there was a lawful basis to detain Katherine Robles, she resisted efforts to detain her, and any force used to effectuate the detention and eventually to effectuate the arrest were reasonable. Defendants dispute the nature and extent of the claimed injuries.

B. Basis for Liability (L.R. 281(b)(6)(iv)(A))

Plaintiff Katherine Robles maintains claims for unlawful arrest under the Fourth Amendment pursuant to 42 U.S.C. § 1983; excessive force under the Fourth Amendment pursuant to 42 U.S.C. § 1983; false arrest under California law; assault and battery under California law; intentional infliction of emotional distress under California law; malicious prosecution under California law; and negligence under California law. Plaintiff H.R. maintains claims for intentional infliction of emotional distress under California law and negligent infliction of emotional distress under California law. Plaintiffs' primary allegations in support of these claims are identified in the previous paragraph. Plaintiffs contend that Defendant Dean Riano lacked probable cause to arrest Plaintiff Katherine Robles and that his uses of force against her were unreasonable and excessive given that she posed no imminent threat of harm to him or anyone else, was not attempting to flee any lawful detention, and had not disobeyed any lawful order that was issued to her.

    C. <u>Basis for Defenses (L.R. 281(b)(6)(iv)(A))</u>

Defendants contend Defendant Dean Riano had reasonable suspicion to detain and probable cause to arrest Plaintiff Katherine for violations of California Penal Code sections 148(a)(1), 240, 242, 243(3)(1), and 415. Defendant Dean Riano was not required to tell Plaintiff Katherine Robles that she was not free to leave, although regardless he did inform her. Further, Defendant Dean Riano is entitled to qualified immunity for his decision to detain and ultimately arrest Plaintiff Katherine Robles and use force. Defendant Dean Riano used objectively reasonable force and did not use more force than reasonably necessary given Plaintiff Katherine Robles violated various California Penal Code sections in Defendant Dean Riano's presence and attempted to leave the lawful detention. Further, Plaintiff Katherine Robles' head did not contact the ground during the takedown, and she did not suffer a traumatic brain injury. Further, the treatment Plaintiff Katherine Robles received for her physical injuries was not reasonably necessary or related to the incident. Plaintiff Katherine Robles was involved in various accidents after the incident. Plaintiff Katherine Robles' claimed emotional distress was not caused by the incident given her emotional distress pre-dated the incident. Plaintiff H.R. did not witness Plaintiff Katherine Robles be taken to the ground and did not suffer emotional distress from the incident. Lastly, criminal charges were never brought against Plaintiff Katherine Robles resulting from the incident.

    D. <u>Statutes, Ordinances, or Regulations Violated (L.R. 281(b)(6)(iv)(A))</u>

The parties understand this provision of Local Rule 281(b)(6)(iv)(A) to refer to negligence *per se* liability based on the violation of a statute, ordinance, or regulation imposing a specific standard of care. *See, e.g.*, CACI 418 (citing *Nunneley v. Edgar Hotel*, 36 Cal.2d 493, 500-01 (1950)). With that understanding, not applicable.

However, Defendants contend Plaintiff Katherine Robles violated California Penal Code sections 148(a)(1), 240, 242, 243(3)(1), and 415.

E. <u>Strict Liability & *Res Ipsa Loquitur* (L.R. 281(b)(6)(iv)(A))</u>

Not applicable.

F. <u>Plaintiffs' Information & Damages (L.R. 281(b)(6)(iv)(B))</u>

Plaintiff Katherine Robles is 42 years old, and Plaintiff H.R. is 11 years old. Plaintiff Katherine Robles alleges she was injured during the subject incident, and the primary injuries sustained were to her head and neck, including a mild traumatic brain injury and resulting complications, and ongoing neck pain and related issues, and that she also suffered significant emotional distress. Plaintiff H.R. alleges he suffered significant emotional distress as a result of Plaintiff Katherine Robles, his mother, being injured during the incident. Plaintiff Katherine Robles claims she was hospitalized for a period soon after the incident and incurred medical expenses from that stay and from ongoing treatment she has received over the years since the incident. Plaintiffs' economic damages have not been calculated in any sum certain; however, Plaintiff Katherine Robles has provided evidence and testimony in discovery in support of her allegation that the injuries sustained during this incident have diminished her ability to earn an income. Plaintiffs seek economic and non-economic damages.

**7.    RELIEF SOUGHT (L.R. 281(b)(7))**

Plaintiffs seek non-economic damages for Plaintiff Katherine Robles's injuries as allowed under federal and state law, including her physical and mental pain and suffering, and for Plaintiffs' emotional harm, including fear, trauma, and humiliation. Plaintiffs also seek economic damages for Plaintiff Katherine Robles's loss of income and medical expenses. Plaintiffs also seek and reasonable attorneys' fees and costs of suit as allowed under federal and state law.

Defendants dispute that Plaintiffs are entitled to any damages. Defendants dispute the extent, nature and relatedness of Plaintiff Katherine Robles' claimed physical injuries given she did not suffer a traumatic brain injury, she was involved in subsequent accidents, and any emotional distress was pre-existing. Plaintiff Katherine Robles did not suffer any

loss of income. Similarly, Plaintiff H.R. did not witness Plaintiff Katherine Robles being taken to the ground and did not suffer emotional distress from the incident.

8. **POINTS OF LAW (L.R. 281(b)(8); Standing Order § VII(B)(5))**

Plaintiffs' claims involve the following general points of law:

(1) For Plaintiff Katherine Robles's unlawful arrest claims under the Fourth Amendment and California law, whether Defendant Dean Riano had probable cause to believe she had committed a crime at the time he arrested her. *See Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) ("In the context of a § 1983 action, a Fourth Amendment violation occurs when a person is arrested 'without probable cause or other justification.'") (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)); *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) ("Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.") (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)) (alteration in original); Cal. Pen. Code § 836(a).

(2) For Plaintiff Katherine Robles's excessive force claim under the Fourth Amendment and battery and negligence claims under California law, whether Defendant Dean Riano's uses of force against her were objectively unreasonable based on the totality of the circumstances known to Defendant Dean Riano at the time. *See Graham v. Connor*, 490 U.S. 386, 397 (1989); *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022) ("[In assessing] whether an officer's actions were objectively reasonable, we consider: '(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion.'") (quoting *Rice v. Morehouse*, 989 F.3d

1112, 1121 (9th Cir. 2021)); Cal. Pen. Code § 835a(b); *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527-528 (2009); *Hernandez v. City of Pomona*, 46 Cal.4th 501, 514 (2009).

(3) For Plaintiffs' claims for intentional infliction of emotional distress under California law, whether Defendant Dean Riano's conduct was outrageous, whether Defendant Dean Riano intended to cause or recklessly disregarded the probability that Plaintiffs would suffer emotional distress, and whether Defendant Dean Riano's conduct was a substantial factor in causing severe emotional distress to Plaintiffs. CACI 1600. Further, whether Defendant City of Roseville is liable as Defendant Dean Riano's employer under *respondeat superior*. CACI 3701.

(4) For Plaintiff Katherine Robles's claim for malicious prosecution under California law, whether Defendant Dean Riano actively caused her to be arrested, whether the arrest resulted in a criminal proceeding that ended in her favor, whether a reasonable person in his circumstances would believe there were grounds to arrest her, whether he acted primarily for a purpose other than to bring her to justice, and whether his conduct was a substantial factor in causing her harm. CACI 1500. Further, whether Defendant City of Roseville is liable as Defendant Dean Riano's employer under *respondeat superior*. CACI 3701.

(5) For Plaintiff H.R.'s claim for negligent infliction of emotional distress under California law, whether Defendant Dean Riano negligently caused injury to Plaintiff Katherine Robles, whether Plaintiff H.R. was present at the scene when this occurred and was then aware that Defendant Dean Riano was causing injury to Plaintiff Katherine Robles, and whether Defendant Dean Riano's conduct was a substantial factor in causing Plaintiff H.R. to suffer serious emotional distress. CACI 1621. Further, whether Defendant City of Roseville is liable as Defendant Dean Riano's employer under *respondeat superior*. CACI 3701.

Defendants identify the following non-exclusive list of issues and points of law which remain to be decided:

(1) Whether Defendant Dean Riano had reasonable suspicion to detain Plaintiff Katherine Robles for violating California Penal Code sections 148(a)(1), 240, 242, 243(3)(1), and 415. *See Terry v. Ohio*, 392 U.S. 1, 23-27 (1968); *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011); *Price v. Super. Ct*., 93 Cal.App.5th 13, 63 (Cal. App. 4th Dist. 2023).

(2) Whether Defendant Dean Riano had probable cause to arrest Plaintiff Katherine Robles for violating California Penal Code sections 148(a)(1), 240, 242, 243(3)(1), and 415. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013); *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 950 (9th Cir.2003); *Blankenhorn v. City of Orange,* 485 F.3d 463, 473 (9th Cir. 2007).

(3) Whether Defendant Dean Riano used reasonable force to arrest Plaintiff Katherine Robles. *See*, *Scott v. Harris*, 550 U.S. 372, 381-85 (2007), *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Morales v. City and Cnty. of San Francisco*, 603 F. Supp. 3d 841, 850 (N.D. Cal. 2022); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982).

(4) Whether Defendant Dean Riano is entitled to qualified immunity for his decision to detain, arrest and use force against Plaintiff Katherine Robles. *See*, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008); *Hunter v. Bryant,* 502 U.S. 224, 227 (1991); *Ashcroft*, 563 U.S. at 741, 131.

(5) Whether the incident caused Plaintiff Katherine Robles' claimed physical, cognitive or emotional injuries. CACI 430.

(6) Whether the treatment Plaintiff Katherine Robles received for her physical, cognitive and/or emotional injuries was reasonable. Ninth Circuit Jury Instructions No. 5.2

(7) Whether the incident caused Plaintiff H.R.'s claimed emotional distress. CACI 430.

(8) Whether Defendant Dean Riano is immune from Plaintiff Katherine Robles' seventh claim for relief for false arrest pursuant to California Penal Code section 847(b). *See*, *O'Toole v. Super. Ct.,* 44 Cal. Rptr. 3d 531, 549 (Cal. App. 4th Dist. 2006); *Blankenhorn*, supra, 485 F.3d at 486–87. If Defendant Dean Riano is immune, so is the Defendant City of Roseville. Cal. Gov. Code § 815.2.

(9) Whether Plaintiff Katherine Robles' eighth claim for relief for assault and battery and eleventh claim for negligence against Defendant Dean Riano fails given he did not use excessive force. The torts of battery and assault are the California law counterparts to a 42 U.S.C. § 1983 excessive force case. *Sanders v. City of Fresno*, 551 F. Supp. 2d 1149, 1179 (E.D. Cal. 2008), aff'd, 340 Fed. Appx. 377 (9th Cir. 2009) (unpublished). If Plaintiff Katherine Robles' claim against Defendant Dean Riano, so does her claim against the Defendant City of Roseville. Cal. Gov. Code § 815.2.

(10) Whether Defendant Dean Riano's actions were extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized community. *Sanders, supra,* 551 F. Supp. 2d at 1180; CACI 1600, 1621.

(11) Whether Plaintiff Katherine Robles' tenth claim for malicious prosecution is barred by California Government Code section 821.6. *See, Maleti v. Wickers*, 82 Cal.App.5th 181 202–03 (Cal. App. 6th Dist. 2022), as modified on denial of reh'g (Sept. 9, 2022) (citations omitted.); CACI 1500, 1503. Whether formal criminal charges were ever filed against Plaintiff Katherine Robles. If Plaintiff Katherine Robles' claim against Defendant Dean Riano, so does her claim against the Defendant City of Roseville. Cal. Gov. Code § 815.2.

9. **ABANDONED ISSUES (L.R. 281(b)(9); Standing Order § VII(B)(5))**

Pursuant to a stipulation by the parties, the following claims asserted in Plaintiffs' operative complaint have been dismissed: All claims against Defendants Christopher Ciampa and Seth Addington; Plaintiffs' claims for punitive damages; Plaintiffs' First Amendment claim for infringement on the right to free speech (Count 3); Plaintiffs' Fourteenth Amendment claim for failure to intervene (Count 4); Plaintiffs' Fourteenth Amendment claim for deliberate indifference to a serious medical need (Count 5); and Plaintiffs' municipal liability claim (Count 6). [Dkt. 47, 48.] Currently, Plaintiffs are not abandoning any other claims or issues. Plaintiffs' remaining claims are as stated in Section 6(B), *supra*.

Defendants have not abandoned any of their affirmative defenses.

10. **WITNESSES (L.R. 281(b)(10))**

The lists of witnesses being submitted separately from this statement as referenced in the Court's standing order. (*See* Standing Order § VII(B).)

Given that no trial date has yet been set in this action and any trial date is likely to be several months after the date of this filing and the pretrial conference, the parties respectfully request leave to amend or supplement this witness list until a subsequent deadline, nearer to trial, to be set by the court. The parties reserve the right to amend or supplement their list of witnesses to the extent permitted by the Court. The parties also reserve the right to call any witness listed by any other party.

11. **EXHIBITS (L.R. 281(b)(11); Standing Order § VII(B)(2-4))**

The lists of joint exhibits, Plaintiffs' exhibits, and Defendants' exhibits are being submitted separately from this statement as referenced in the Court's standing order. (*See* Standing Order § VII(B).)

Given that no trial date has yet been set in this action and any trial date is likely to be several months after the date of this filing and the pretrial conference, the parties respectfully request leave to amend or supplement these lists until a subsequent deadline, nearer to trial, to be set by the court. The parties reserve the right to amend or supplement

their exhibit lists to the extent permitted by the Court. The parties also reserve the right to use or move to introduce into evidence any document listed by any other party.

**12. DISCOVERY DOCUMENTS TO BE USED AT TRIAL (L.R. 281(b)(12))**

The parties do not anticipate using discovery documents at trial, except for impeachment purposes.

**13. FURTHER DISCOVERY OR PRETRIAL MOTIONS (L.R. 281(b)(13))**

The parties do not request leave to engage in further discovery and do not anticipate filing pretrial motions apart from motions *in limine*.

**14. STIPULATIONS (L.R. 281(b)(14))**

The parties have not entered into any pertinent stipulations aside from Plaintiffs' voluntary dismissal of certain claims. (*See supra* Section 9.)

The parties intend to stipulate to the authenticity of as many items of evidence as can be agreed upon. To the extent it is needed, the parties agree that the custodians of records be permitted to authenticate the documents that may be used as exhibits at trial by their declarations to avoid the undue expense of calling the custodians to testify as to the authenticity of documents to be presented at trial.

**15. AMENDMENTS TO PLEADINGS; DISMISSAL OF CLAIMS; ADDITION OR SUBSTITUTIONS OF PARTIES (L.R. 281(b)(15))**

At this time, Plaintiffs do not anticipate any further amendments to the pleadings, dismissal of claims, or substitutions of parties.

Defendants contend that no further amendment to the pleadings, including the additional joinder or substitution of any parties, should be permitted without an affirmative showing of good cause and leave of Court.

**16. SETTLEMENT NEGOTIATIONS (L.R. 281(b)(16))**

The parties previously attempted a private mediation that was unsuccessful. The parties are currently scheduled to attend a settlement conference with Magistrate Judge Dennis Cota on November 3, 2025. The Court will be promptly advised if a settlement is reached.

**17. AGREED STATEMENTS (L.R. 281(b)(17))**

The parties agree that the undisputed facts contained *supra* in Section 3 may be read to the jury, but that the action should not otherwise be presented upon an Agreed Statement of Facts.

**18. SEPARATE TRIAL OF ISSUES (L.R. 281(b)(18))**

The parties do not request bifurcation.

**19. IMPARTIAL EXPERTS; LIMITATION OF EXPERTS (L.R. 281(b)(19))**

The parties anticipate calling their respective designated expert witnesses at trial and do not believe appointment of further experts by the Court, or a limitation on the number of experts, is necessary in this case.

**20. ATTORNEYS' FEES (L.R. 281(b)(20))**

Plaintiffs are claiming attorneys' fees for their federal claims pursuant to 42 U.S.C. § 1988. Should Plaintiffs prevail at trial, they will file a motion for attorneys' fees with the Court after trial.

**21. SPECIAL HANDLING OF TRIAL EXHIBITS (L.R. 281(b)(21))**

The parties do not anticipate presenting exhibits at trial that require special handling.

**22. TRIAL PROTECTIVE ORDER (L.R. 281(b)(22))**

The parties do not anticipate that a trial protective order will be necessary.

**23. NEUTRAL JOINT STATEMENT OF CASE (Standing Order § VII(B)(1))**

This case arises out of the use of force and arrest of Katherine Robles that took place at a shopping center in Roseville, California, on February 21, 2021. The plaintiffs are Katherine Robles and her minor son, who is identified by his initials H.R. The defendants are Dean Riano and the City of Roseville.

Plaintiffs claim that Defendant, Roseville Police Department Officer Dean Riano, used excessive and unreasonable force against Katherine Robles Plaintiffs also claim that Dean Riano arrested Katherine Robles without probable cause to believe she had committed a crime. Plaintiffs also claim that Dean Riano wrongfully caused criminal charges to be initiated against Katherine Robles based on this incident.

Defendants deny Plaintiffs' claims and contend that Defendant Dean Riano's use of force against Plaintiff Katherine Robles was reasonable, that Defendant Dean Riano had reasonable suspicion to detain Plaintiff Katherine Robles and that his arrest was supported by probable cause. Defendants dispute the nature and extent of Plaintiffs' injuries.

DATED: October 24, 2025          LAW OFFICES OF DALE K. GALIPO

                                 /s/ Benjamin S. Levine
                                 DALE K. GALIPO
                                 BENJAMIN S. LEVINE
                                 Attorneys for Plaintiffs

DATED: October 24, 2025          PORTER SCOTT

                                 /s/ Megan N. Boelter (as authorized 10/24/25)
                                 WILLIAM E. CAMY
                                 MEGAN N. BOELTER
                                 Attorneys for Defendants