**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
dalekgalipo@yahoo.com
Benjamin S. Levine, SBN 342060
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly, and severally,<br><br>Defendants. | **Case No. 2:22-cv-00085-DC-SCR**<br><br>*Hon. Dena Coggins*<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.**<br><br>*[Declaration of Benjamin S. Levine and Exhibits thereto; Verification by Guardian* ad Litem *Katherine Robles; and Proposed Order filed concurrently herewith]* |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, Katherine Robles, and H.R., by and through his Guardian *ad Litem*, Katherine Robles ("Plaintiffs"), hereby move this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of minor plaintiff H.R.

Plaintiffs make this application pursuant to Local Rule 202(b)(2). The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Benjamin S. Levine, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on January 20, 2026, Plaintiffs' counsel contacted Defendants' counsel. Defendants are represented by:

> William E. Camy, Esq.
> Megan N. Boelter, Esq.
> PORTER SCOTT PC
> 2180 Harvard St., Ste. 500, Sacramento, CA 95815
> (916) 929-1481
> wcamy@porterscott.com
> mboelter@porterscott.com

Declaration of Benjamin S. Levine in Support of Ex Parte Application for Approval of Minor's Compromise ("Levine Decl.") ¶ 2. Defendants' counsel do not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, nor do Defendants or their counsel oppose the proposed distribution of the settlement funds. *Id.* ¶ 3. Plaintiffs seek approval of the minor's compromise on an *ex parte* basis because the interest rates for the annuity will expire if this matter is heard as a regularly noticed motion, particularly when factoring in the time that Defendants and their counsel need to request and obtain the check that will fund the annuity (approximately 30 days), in addition to however much time this Court might require to issue a ruling following a hearing if one is held. *Id.* ¶ 4. **Specifically, the**

**interest rates that Plaintiffs have locked in through their settlement broker will expire on March 25, 2026. If the minor's annuity is not funded prior to March 25, 2026—which will require an order to have issued and annuity checks to be received by the annuity issuer no later than that date—then Plaintiffs will need to lock in new rates and file an amended petition.** (*Id.*)

Respectfully submitted,

DATED:   January 21, 2026    LAW OFFICES OF DALE K. GALIPO

By:   */s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine
*Attorneys for Plaintiffs*

-3-
UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF PLAINTIFF H.R.

## I. INTRODUCTION

Katherine Robles, Guardian *ad Litem* for minor plaintiff H.R., hereby submits this petition and proposed order for approval of H.R.'s compromise in this matter, and requests that the Court approve of the proposed distribution of H.R.'s funds. Katherine Robles is H.R.'s mother and was also appointed by this Court as H.R.'s Guardian *ad Litem* for this action. [Dkt. 22.]

Minor plaintiff H.R.'s claim in this action arose out of the use of force against his mother, Plaintiff Katherine Robles, during an arrest on February 21, 2021, by Defendant Dean Riano as a police officer for Defendant City of Roseville, which H.R. witnessed and which Plaintiffs allege was unreasonable and unconstitutionally excessive. Plaintiff H.R.'s sole cause of action in this case is for negligent infliction of emotional distress based on having observed this incident. Plaintiffs and Defendants have agreed to settle this case, and the parties' settlement has been approved by the proper authorities for the City of Roseville.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $900,000.00. Through this application, Plaintiffs propose that this settlement be divided between the two Plaintiffs as follows:

| | |
|---|---|
| Katherine Robles and her attorneys | $813,240.36 |
| H.R. and his attorneys | $86,759.64 |

Levine Decl. ¶ 5. Katherine Robles, as minor plaintiff H.R.'s mother and Guardian *ad Litem*, together with Plaintiffs' counsel, have agreed that this division is fair and appropriate in this case in light of the disparity in the number and magnitude of each Plaintiff's claims, where Ms. Robles has asserted numerous claims alleging significant physical injuries resulting from the use of force against her and her arrest, and where H.R. has asserted one claim alleging only emotional injury based on

having observed the incident.

## II.  DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a Guardian *ad Litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable . . . . If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Katherine Robles as Guardian *ad Litem* for H.R.

2. Plaintiff H.R. is a minor child and one of three children of Plaintiff Katherine Robles, the other two of whom are adults. H.R. was born on February 17,

-5-
UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.

2014.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, the Plaintiffs' claims will be compromised without a trial on the merits. Levine Decl. ¶ 6.

4. Plaintiff H.R.'s damages in this case are based on the emotional distress he alleges he suffered as a result of witnessing the use of force against, and arrest of, his mother, Plaintiff Katherine Robles, as a bystander during the incident that is the subject of the operative complaint in this action. Levine Decl. ¶ 7.

5. The total amount of the settlement that Defendants collectively agree to pay in this action is $900,000.00. As set forth above, of the $900,000.00 gross settlement amount, $813,240.36 is proposed to be distributed to Plaintiff Katherine Robles and her attorneys, and $86,759.64 is proposed to be distributed to Plaintiff H.R. and his attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 33% of the $813,240.36 in gross settlement proceeds allocated to Katherine Robles ($266,887.27), and 33% of the $86,759.64 in gross settlement proceeds allocated to H.R. ($30,112.73). Levine Decl. ¶¶ 5, 8, 10. Plaintiffs' attorneys also seek reimbursement for the Plaintiffs' *pro rata* share of the Plaintiffs' total litigation costs advanced by Plaintiffs' attorneys, and seek reimbursement for settlement advances made by Plaintiffs' attorneys to Plaintiff Katherine Robles, and intend to hold in trust funds necessary to ensure the satisfaction of third-party liens placed on Plaintiffs' case for medical care provided to Plaintiff Katherine Robles. Plaintiffs and their attorneys propose to allocate the advanced litigation costs on a *pro rata* basis reflecting the total recovery to each plaintiff for which attorneys' fees are also being requested, whereas the advances and liens will be allocated to Plaintiff Katherine Robles and will not be deducted from H.R.'s share of the settlement. The total

advanced litigation costs are $65,558.10.[1] Plaintiffs Katherine Robles and H.R.'s proportionate share of these costs are $58,911.19 and $6,646.91, respectively. Levine Decl. ¶ 9.

These are less than the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Although Plaintiffs signed a retainer agreement with the Law Offices of Dale K. Galipo that provides for a 40% contingency fee, which here would be a total of $360,000, for purposes of this settlement Plaintiffs' attorneys have agreed to reduce their contingency fee to 33%, instead resulting in a total of $297,000, shared proportionally among the two Plaintiffs as indicated above. Levine Decl. ¶¶ 5, 8, 10.

6. The contingency attorney fee award in this case is justified by lead attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in

---

[1] The total settlement advances made to Plaintiff Katherine Robles by Plaintiffs' attorneys are $44,295.00, and the total amount of third-party liens for medical care provided to Plaintiff Katherine Robles is currently estimated to be approximately $75,000, though these are subject to reduction following negotiation with the lienholders. However, as noted above, under the proposal outlined herein, neither the advances or liens will be deducted from Plaintiff H.R.'s settlement share.

-7-
UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.

2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Levine Decl. ¶ 11.

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting death case *Lewis v. County of Kern*, tried in the U.S. District Court for the Eastern District of California before the Honorable Kirk E. Sherriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney. Levine Decl. ¶ 11.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,200 an hour and up to $1,400 an hour by multiple federal courts. In the case *I.H. v. State of California*, tried in the U.S. District Court for the Eastern District of California in October 2024 in front of the Honorable Dale A. Drozd, Mr. Galipo achieved a verdict of $1.5 million, and Judge Drozd awarded Mr. Galipo an hourly rate of $1,300 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in attorneys' fees. In *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court

case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the United States Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the reduced 33% contingency attorney fee in this case. Levine Decl. ¶ 11.

Additionally, this case involved a substantial amount of risk. For example, in this case, Plaintiffs alleged that when Defendant Dean Riano arrested Plaintiff Katherine Robles during the subject incident, Defendant Riano struck Plaintiff's head against the ground, causing her significant long-term injuries that persist today, and that her young son, Plaintiff H.R., witnessed this and experienced significant emotional distress. However, Defendants have disputed whether Plaintiff Katherine Robles's head ever struck the ground during this incident, and further disputed the extent, legitimacy, and origin of her claimed injuries, and retained a total of eight expert witnesses to support these disputes and others. Defendants have also disputed whether and to what extent Plaintiff H.R. witnessed the incident, where whether he witnessed it is essential to support his sole legal claim. If Plaintiffs' counsel were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, Plaintiffs, including minor plaintiffs such as H.R., would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their costs and their reduced contingency fees, and also of the advances made to Plaintiff Katherine Robles. Levine Decl. ¶ 11.

7. Plaintiffs' counsel also believe that the proposed division between the two Plaintiffs in this action is fair and appropriate. As indicated above, Plaintiff Katherine Robles is the primary Plaintiff in this action, alleges that she was subjected to a violent arrest during which her head was struck against the ground, in violation of her Fourth Amendment rights and resulting in significant permanent injuries, and pled eleven (11) federal and state causes of action in Plaintiffs' operative complaint. Levine Decl. ¶ 10; *see generally* First Am. Complaint [Dkt. 8]. On the other hand, Plaintiffs allege that Plaintiff H.R. was a witness to the arrest and uses of force against Plaintiff Katherine Robles, his mother, and suffered emotional distress as a result, but they do not allege that Plaintiff H.R. sustained any physical injury or any constitutional rights violation, and Plaintiff H.R. pled one (1) state cause of action in Plaintiffs' operative complaint, for negligent infliction of emotional distress. Levine Decl. ¶ 10; *see generally* First Am. Complaint [Dkt. 8].

8. As stated above, the gross amount of the settlement is $900,000. The gross share of these proceeds apportioned for minor Plaintiff H.R. and his attorneys is $86,759.64. After deducting requested attorneys' fees of $30,112.73 and deducting H.R.'s *pro rata* share of costs, which is $6,646.91, the total net settlement proceeds to H.R. is $50,000.00. Levine Decl. ¶ 12.

9. It is requested that $50,000.00 be used to fund a structured settlement annuity for H.R. Attached as "Exhibit A" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for H.R., which is incorporated herein in its entirety by reference. H.R.'s guardian *ad litem,* Katherine Robles, agrees to this proposal and believes that it is in the best interests of H.R. Under the proposal set forth in "Exhibit A," the total amount that H.R. will receive after the last payment is made from the annuity is $88,000.00. Levine Decl. ¶ 13.

10. The moving Guardian *ad Litem* is a plaintiff in this case.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust. Levine Decl. ¶ 15.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Benjamin S. Levine (California State Bar Number 342060), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. Levine Decl. ¶ 16.

2. The Law Offices of Dale K. Galipo did not become concerned with this matter at the insistence of any party against whom any Plaintiff's claims are asserted. Levine Decl. ¶ 17.

3. The Law Offices of Dale K. Galipo represents the Plaintiffs in this matter but is not employed by any other party or any insurance carrier involved in the matter. Levine Decl. ¶ 18.

4. The Law Offices of Dale K. Galipo has not to date received any compensation for its services in connection herewith from any person. Levine Decl. ¶ 19.

5. Katherine Robles and H.R. are the only plaintiffs in this action. Accordingly, Plaintiffs' attorneys do not expect to receive compensation for their services in connection herewith from any source besides from the gross settlement proceeds allocated to Katherine Robles and H.R. Levine Decl. ¶ 20.

6. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. For purposes of this settlement, the Law Offices of Dale K. Galipo has agreed to reduce its contingency from 40 percent to 33 percent. Levine Decl. ¶ 10.

/ / /

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor child will be forever barred from seeking any further recovery of compensation even though the minor's injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of her injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to the minor to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. *See* Levine Decl. ¶ 14.

Petitioner Katherine Robles requests that the Court enter the proposal attached to the Declaration of Benjamin S. Levine as "Exhibit A" for H.R. Specifically, Petitioner Katherine Robles requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Katherine Robles is H.R.'s mother and Guardian *ad Litem*. Petitioner Katherine Robles's verification is attached hereto.

/ / /

/ / /

/ / /

## III. CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

Respectfully submitted,

DATED: January 21, 2026        **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Benjamin S. Levine*
       Dale K. Galipo
       Benjamin S. Levine
       *Attorneys for Plaintiffs*

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.