**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No. 2:22-cv-00085-DC-SCR<br><br>*Hon. Dena Coggins*<br><br>**DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.** |

DECLARATION OF BENJAMIN S. LEVINE

# DECLARATION OF BENJAMIN S. LEVINE

I, Benjamin S. Levine, do hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of minor plaintiff H.R., by and through his Guardian *ad Litem*, Katherine Robles.

2. Defendants are represented by William E. Camy, Esq., and Megan N. Boelter, Esq., of Porter Scott PC, 2180 Harvard St., Ste. 500, Sacramento, CA 95815, (916) 929-1481, wcamy@porterscott.com, mboelter@porterscott.com.

3. I emailed a copy of the instant Application to Defendants' counsel on January 20, 2026. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the proposed distribution of the settlement funds.

4. This Application seeks approval of the compromise of minor plaintiff H.R.'s claims on an *ex parte* basis because the interest rate for the annuities are likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor plaintiff. Specifically, the interest rates that Plaintiffs have locked in through their settlement broker will expire on March 25, 2026. This means that to retain those rates, the proposed annuity provider must receive payment from Defendants, following issuance of an order on the instant Application by this Court, by March 25, 2026.

5. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys $900,000. Plaintiffs and their counsel have agreed that, after factoring in Plaintiffs' attorneys' advanced litigation costs and contingency fees,

1  $50,000 of the net settlement proceeds should be allocated to Plaintiff H.R. Based
2  on this proposed allocation of the net settlement proceeds, Plaintiffs and their
3  counsel propose that of the gross settlement, $813,240.36 be allocated to Plaintiff
4  Katherine Robles and her attorneys, and $86,759.64 be allocated to Plaintiff H.R.
5  and his attorneys.

6        6.     The nature of Plaintiffs' claims in this lawsuit are set forth in the
7  operative complaint filed in this action. All plaintiffs, including Plaintiff H.R., by
8  and through his court-appointed Guardian *ad Litem*, have agreed to settle their
9  claims without a trial on the merits.

10        7.     Plaintiff H.R.'s damages in this case arise from the emotional distress
11  he alleges he suffered as a result of witnessing the use of force against, and arrest of,
12  his mother, Plaintiff Katherine Robles, as a bystander during the incident that is the
13  subject of the operative complaint in this action.

14        8.     Plaintiffs' attorneys are requesting contingency attorneys' fees in the
15  amount of 33 percent of the total amount of $900,000.00 awarded to Plaintiffs,
16  which is $279,000.00, divided proportionally between the two Plaintiffs based on a
17  proposed net allocation to Plaintiff H.R. of $50,000. Under this division, Plaintiff
18  Katherine Robles's share of the attorney fees is $266,887.27, and Plaintiff H.R.'s
19  share of the attorney fees is $30,112.73.

20        9.     Plaintiffs' attorneys are also requesting reimbursement of advanced
21  litigation costs. The total advanced litigation costs are $65,558.10. Under the same
22  proportional division applied to the contingency attorneys' fees, Plaintiff Katherine
23  Robles's share of the litigation costs is $58,911.19, and Plaintiff H.R.'s share of the
24  litigation costs is $6,646.91. Plaintiffs' attorneys also seek reimbursement for
25  settlement advances made by Plaintiffs' attorneys to Plaintiff Katherine Robles, and
26  also intend to hold in trust funds necessary to ensure the satisfaction of third-party
27  liens placed on Plaintiffs' case for medical care provided to Plaintiff Katherine
28  Robles. The advances, in the amount of $44,295.00, and liens, currently estimated to

be approximately $75,000 but subject to reduction following negotiation with the lienholders, each will be allocated to Plaintiff Katherine Robles alone and will not be deducted from H.R.'s share of the settlement.

10. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreements provide for a 40% contingency fee. However, for purposes of this settlement, Plaintiffs' attorneys have agreed to reduce their contingency fee to 33%.

11. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting death case *Lewis v. County of Kern*, tried in the U.S. District Court for the Eastern District of California before the Honorable Kirk E. Sherriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal

court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

      Mr. Galipo has recently been awarded statutory attorney fee rates over $1,200 an hour and up to $1,400 an hour by multiple federal courts. In the case *I.H. v. State of California*, tried in the U.S. District Court for the Eastern District of California in October 2024 in front of the Honorable Dale A. Drozd, Mr. Galipo achieved a verdict of $1.5 million, and Judge Drozd awarded Mr. Galipo an hourly rate of $1,300 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in attorneys' fees. In *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the United States Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the reduced 33% contingency attorney fee in this case.

      Additionally, this case involved a substantial amount of risk. For example, in

-4-
DECLARATION OF BENJAMIN S. LEVINE

this case, Plaintiffs alleged that when Defendant Dean Riano arrested Plaintiff Katherine Robles during the subject incident, Defendant Riano struck Plaintiff's head against the ground, causing her significant long-term injuries that persist today, and that her young son, Plaintiff H.R., witnessed this and experienced significant emotional distress. However, Defendants have disputed whether Plaintiff Katherine Robles's head ever struck the ground during this incident, and further disputed the extent, legitimacy, and origin of her claimed injuries, and retained a total of eight expert witnesses to support these disputes and others. Defendants have also disputed whether and to what extent Plaintiff H.R. witnessed the incident, where whether he witnessed it is essential to support his sole legal claim. If Plaintiffs' counsel were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, Plaintiffs, including minor plaintiffs such as H.R., would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their costs and their reduced contingency fees, and also of the advances made to Plaintiff Katherine Robles.

12. As stated above, the gross amount of the settlement is $900,000.00. The gross share of these proceeds apportioned for minor Plaintiff H.R. and his attorneys is $86,759.64. After deducting requested attorneys' fees of $30,112.73 and deducting H.R.'s *pro rata* share of costs, which is $6,646.91, the total net settlement proceeds to H.R. is $50,000.00.

13. It is requested that $50,000.00 be used to fund a structured settlement annuity for H.R. Attached hereto as **"Exhibit A"** is the proposed structured settlement annuity for H.R. H.R.'s Guardian *ad Litem,* Katherine Robles, agrees to this proposal and believes that it is in the best interests of H.R. Under the proposal set forth in "Exhibit A," the total amount that H.R. will receive after the last payment is made from the annuity is $88,000.00.

14. Plaintiff H.R.'s Guardian *ad Litem*, Katherine Robles, has reviewed the

proposed annuity and disbursement schedule for Plaintiff H.R. set forth in "Exhibit A," and believes they are in the best interest of Plaintiff H.R.

15. This application does not seek an order for payment of money to a special needs trust.

16. I (attorney Benjamin S. Levine, California State Bar Number 342060) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action.

17. Plaintiffs' attorneys did not become concerned with this matter at the insistence of any party against whom the claims of Plaintiffs are asserted.

18. Plaintiffs' attorneys are not employed by any other party or any insurance carrier involved in the matter.

19. Plaintiffs' attorneys have not to date received any compensation for their services in connection herewith from any person.

20. Plaintiffs' attorneys do not expect to receive any compensation for their services in connection herewith apart from compensation received from Plaintiffs D.S., C.S., J.S., and M.S.'s shares of the settlement.

21. Attached hereto as **"Exhibit B"** is a group of documents from The Prudential Insurance Company of America, including the ratings and sample guarantee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 21st day of January, 2026, at Woodland Hills California.

*/s/ Benjamin S. Levine*
Benjamin S. Levine