UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No. 2:22-cv-00085-DC-SCR<br><br>*Hon. Dena Coggins*<br><br>**[PROPOSED] ORDER APPROVING PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.** |

**[PROPOSED] ORDER**

This Court, having considered Katherine Robles's Application for Approval of the Compromise of the Claims of minor Plaintiff H.R., and GOOD CAUSE appearing therefor, hereby **GRANTS** the Application and makes the following orders:

1. The settlement of minor Plaintiff R.H.'s claims in this action against the Defendants, in the net amount of $50,000.00, is hereby approved.

2. Within 30 days of this order, Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $900,000.00, payable as follows:

   a. Defendants will purchase a structured annuity for the minor Plaintiff H.R. in the amount of $50,000.00 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ by A.M. Best Company. Defendants shall purchase the annuity via a single draft for the annuity amount of $50,000.00.

   b. Defendants shall also make a draft for $850,000.00 payable to "Law Offices of Dale K. Galipo, Client Trust Account." Of these funds, $297,000.00 shall be used to satisfy the contingency fees owed by Plaintiffs Katherine Robles and H.R.; $65,558.10 shall be used for reimbursement of the litigation costs advanced for Plaintiffs Katherine Robles and H.R.; and $44,295.00 shall be used for reimbursement of advances made to Plaintiff Katherine Robles. The remainder shall be distributed to Plaintiff Katherine Robles, following negotiation and satisfaction of any liens for medical care provided to Plaintiff Katherine Robles.

///

3.  Annuity Carrier shall provide periodic lump sum payments to H.R. in accordance with "Exhibit A" to the Declaration of Benjamin S. Levine and as set forth as follows:

   a. $7,500.00 lump sum, guaranteed tax free, payable on February 17, 2032.
   b. $10,000.00 lump sum, guaranteed tax free, payable on February 17, 2034.
   c. $10,000.00 lump sum, guaranteed tax free, payable on February 17, 2036.
   d. $12,500.00 lump sum, guaranteed tax free, payable on February 17, 2038.
   e. $12,500.00 lump sum, guaranteed tax free, payable on February 17, 2040.
   f. $15,000.00 lump sum, guaranteed tax free, payable on February 17, 2042.
   g. $20,500.00 lump sum, guaranteed tax free, payable on February 17, 2044.

4.  All sums and periodic payments set forth in the preceding paragraph constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

5.  Disbursement drafts will be made payable to and will begin being issued directly to H.R. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A" to the Declaration of Benjamin S. Levine filed concurrently with Katherine Roble's application.

6.  Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendants' liability to make the periodic payments as described above and in

"Exhibit A" to the Declaration of Benjamin S. Levine. Such assignment, when made, shall be accepted by Plaintiff H.R. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee.

7. Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

8. The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

9. The Assignee may have Annuity Carrier transmit payments directly to H.R. as set forth above. Katherine Robles (until Plaintiff H.R. reaches the age of majority) and then H.R. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

DATED: _____, 2026

HON. DENA COGGINS
UNITED STATES DISTRICT JUDGE