UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEAN RIANO, et al.<br><br>Defendants. | No. 2:22-cv-00085-DC-SCR<br><br>ORDER FOR SUPPLEMENTAL BRIEFING ON PLAINTIFFS' *EX PARTE* APPLICATION OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.<br><br>(Doc. No. 60) |

      This matter is before the court on Plaintiffs Katherine Robles and H.R.'s unopposed *ex parte* application for court approval of the compromise of the claims of minor Plaintiff H.R.[1] (Doc. No. 60.) For the reasons explained below, the court will order Plaintiffs to provide supplemental briefing on the application.

      This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a

---

[1] On August 26, 2022, the court issued an order appointing Plaintiff Katherine Robles, Plaintiff H.R.'s mother, as his guardian *ad litem*. (Doc. No. 22.)

1

1 minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.[2] In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things "additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount." *See* L.R. 202(b)(2).

Here, Plaintiff Katherine Robles asserts the settlement is fair, reasonable, and in the best interests of Plaintiff H.R. (Doc. No. 60 at 12.) However, Plaintiffs fail to cite any examples of recoveries in similar cases "[f]rom which this [c]ourt can discern whether the recovery for each minor is 'fair and reasonable, in light of the facts of the case, [each] minor's specific claim, and recovery in similar cases.'" *Jones v. City of Sacramento*, No. 20-cv-00900-DJC-KJN, 2024 WL 584506, at *5 (E.D. Cal. Feb. 12, 2024) (quoting *Robidoux*, 638 F.3d at 1182) (denying plaintiffs' stipulation for approval of the minors' compromise without prejudice because, among other reasons, plaintiffs failed to identify any similar cases).

Under Local Rule 202(b), it is Plaintiffs' burden to provide additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount, which under *Robidoux*, requires a comparison to "recovery in similar cases[.]" *Robidoux*, 638 F.3d at 1182. Accordingly, the court will direct Plaintiffs to file supplemental briefing to provide Plaintiffs an opportunity to identify any similar cases for the court to consider in determining whether the minor's recovery is fair and reasonable.

**CONCLUSION**

For the reasons explained above:

1. Plaintiffs' unopposed *ex parte* application for approval of the compromise of the

---

[2] While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles*, No. 18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022); *A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

2

claims of minor Plaintiff H.R. (Doc. No. 60) remains pending; and

2. Within fourteen (14) days of the date of entry of this order, Plaintiffs shall file a supplemental brief identifying recoveries in similar cases.

IT IS SO ORDERED.

Dated: **February 24, 2026**

Dena Coggins
United States District Judge