**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
dalekgalipo@yahoo.com
Benjamin S. Levine, SBN 342060
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, an individual; and H.R., by and through his guardian ad litem Katherine Robles, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ROSEVILLE, a Municipal Corporation; OFFICER DEAN RIANO, in his official and personal capacity; OFFICER SETH ADDINGTON, in his official and personal capacity; SERGEANT CHRISTOPHER CIAMPA, in his official and personal capacity; and DOES 1-20, inclusive, individually, jointly, and severally, <br><br> Defendants. | **Case No. 2:22-cv-00085-DC-SCR** <br><br> *Hon. Dena Coggins* <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.** <br><br> *[Declaration of Benjamin S. Levine and Exhibits thereto filed concurrently herewith]* |

**SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF PLAINTIFF H.R.**

Plaintiffs, Katherine Robles and H.R., respectfully submit this supplemental brief in support of their pending *Ex Parte* Application for the Compromise of the Claims of Minor Plaintiff H.R., pursuant to this Court's Order of February 25, 2026. [Dkt. 61.]

**A.  This Action and Settlement**

This action was filed in January 2022 and primarily concerns Defendant Dean Riano's arrest of, and use of force against, Plaintiff Katherine Robles in February 2021. [Dkt. 1 (Complaint); *see* Dkt. 8 (First Amended Complaint).] Plaintiffs alleged that, following a verbal altercation in a Roseville nail salon between Ms. Robles, Ms. Robles's daughter, and another patron, Roseville police officers including Dean Riano arrived at the salon. [Dkt. 8.] Plaintiffs further alleged that, during the officers' interactions with Ms. Robles outside the salon, Ofc. Riano grabbed onto Ms. Robles; forced her to the ground in a "takedown" maneuver, causing her to strike her head against the ground, despite her not having offered any significant resistance; and arrested her, despite her never having violated any order issued to her. [*Id.*] Based on these allegations, Plaintiffs pled violations of Ms. Robles's rights under the Fourth Amendment and California law. [*Id.*] Plaintiffs have also alleged that, based on the use of force against Ms. Robles and her striking her head against the ground, Ms. Robles suffered a traumatic brain injury. [*Id.*]

Ms. Robles's minor son, Plaintiff H.R., was present at the scene during this incident. [*Id.*] Plaintiffs further alleged that H.R. observed Ofc. Riano's takedown of Ms. Robles and, based on this, pled a single claim on behalf of H.R. for Negligent Infliction of Emotional Distress (NIED). [*Id.*] Plaintiffs have not alleged that H.R. was physically injured, and H.R. is not a party to any claim other than the NIED claim. [*Id.*]

During this litigation, Defendants have disputed nearly all of these allegations. (Supplemental Declaration of Benjamin S. Levine ("Levine Supp. Decl.") ¶ 2.) Relying on surveillance video that partly captured the incident, interview statements, deposition testimony, medical records, and their eight retained expert witnesses, Defendants have contended that although the takedown did occur, Ms. Robles's head never struck the ground at all; that Ms. Robles's claimed injuries, including a traumatic brain injury and other neurological complications, were exaggerated or even fabricated; that before making physical contact with Ms. Robles, Ofc. Riano told her she was not free to leave, but she nevertheless attempted to walk away; that Ms. Robles repeatedly attempted to forcibly pull away from Ofc. Riano before he took her to the ground; and that, based on the foregoing, Ofc. Riano's use of force against and arrest of Ms. Robles were reasonable. (*Id.*) Defendants have further contended that H.R. did not observe the takedown at the time it occurred; and that, due to prior unrelated incidents, H.R. suffered from preexisting emotional distress, muddying the waters as to causation in this case. (*Id.*)

With this background, and in light of the risks inherent in going to trial for both sides, the parties agreed to settle the entire case for a total sum of $900,000.00. [Dkt. 60.] This figure is inclusive of litigation costs advanced by Plaintiffs' counsel in the amount of $65,558.10, as well as Plaintiffs' counsel's contingency fees. [*Id.*] As part of the settlement, Plaintiffs' counsel also agreed to reduce their contingency fees from the 40% agreed to at the time of their retention to 33%, resulting in a larger share of the settlement proceeds for Plaintiffs. [*Id.*]

As noted in Plaintiffs' pending *ex parte* Application, the proposed share of the total settlement for Plaintiff H.R. is $86,759.64, or $50,000.00 after deducting H.R.'s *pro rata* share of Plaintiffs' counsel's advanced costs and reduced contingency fees. [*Id.*] This proposed share is intended to reflect H.R.'s comparatively minor injuries— which are solely emotional, unlike with Ms. Robles, who has alleged long-term and

possibly permanent neurological injuries—as well as his comparatively minor role in this case, given that he has pled a single claim for NIED, whereas Ms. Robles pled 11 separate claims under federal and state law. [*See id.*; Dkt. 8.]

**B.    Settlements in Other Cases**

The total settlement in this case is comparable to settlements in other cases, including cases involving takedowns resulting in head injuries. Additionally, Plaintiff H.R.'s proposed share of this settlement is comparable to settlements in other cases for plaintiffs who asserted NIED claims.

    1.    Settlements in takedown cases and others

In *Shannon Welch v. County of Tulare, et al.*, No. 1:22-cv-00755-KES-HBK (E.D. Cal.), in May 2021, the plaintiff was asleep in his home when sheriff's deputies entered the home as part of a parole check for another occupant. When the plaintiff awoke to deputies yelling at the other occupant and banging on that occupant's closed bedroom door, and asked what was going on, a deputy entered the plaintiff's room and attempted to detain him and put him in handcuffs. The deputy claimed that, during this time, the plaintiff stiffened his arms and attempted to pull away as the deputy stood the plaintiff up, prompting the deputy to perform a "leg sweep" maneuver to bring the plaintiff to the ground. The plaintiff fell, with his arms restrained behind him, and his head struck the tiled floor, cracking his skull and resulting in a brain bleed. (Levine Supp. Decl. ¶ 3, Ex. A.) The case settled in June 2024 for $250,000. (*Id.* ¶ 3.)

Similar cases have resulted in settlements and jury awards comparable or inferior to the settlement in this case. *See Hernandez v. Hodges*, 2022 WL 20667743 (N.D. Cal. Mar. 11, 2022) (plaintiff was passenger in stolen car, which was stopped by deputies; deputies handcuffed plaintiff, issued knee strikes to plaintiff's abdomen, took him to ground, placed him in chokehold resulting in loss of consciousness, and repeatedly struck him in head and face with flashlight, resulting in PTSD; jury

awarded plaintiff $550,000); *Reginato v. City of San Diego*, 2019 WL 8640860 (S.D. Cal. July 16, 2019) (Marine veteran was thrown to ground by police officer, punched repeatedly in face, and handcuffed tightly, resulting in numbness and nerve damage; case settled for $116,000); *Vizcarrondo-Ortiz v. Las Vegas Metro. Police Dep't*, 2016 WL 4975442 (D. Nev. Aug. 22, 2016) (officers threw female plaintiff to ground after she refused to consent to stop, causing her mouth to slam into concrete and resulting in permanent injuries to her face, teeth, neck and back; case settled for total of $200,000); *Johnson v. Meharg*, 2016 WL 2627468 (S.D. Cal. Feb. 1, 2016) (plaintiff was tackled to ground and bitten by police dog, resulting in orbital fractures requiring surgery, spinal fracture, fractured ribs, and lacerations; jury awarded plaintiff $600,000); *Wilkerson v. City of San Diego*, 2015 WL 8665285 (S.D. Cal. Feb. 19, 2015) (one plaintiff was thrown to ground by officers and pepper sprayed, suffering a closed head injury, abrasions to his face and head, and two chipped teeth, and was awarded $45,000 by a jury; second plaintiff was also thrown to the ground and reportedly suffered a concussion and lacerated lip, and was awarded $50,000); *Lacy v. Palmer*, 2014 WL 8770012 (S.D. Cal. Dec. 12, 2014) (plaintiff was thrown to ground, and punched and kicked while on ground, resulting in injuries to arm, ribs, back, and head, including concussion and lacerations to face requiring stitches; jury awarded plaintiff $62,000); *Cervantes v. Cruz*, 2014 WL 8708276 (C.D. Cal. Dec. 11, 2014) (plaintiff was punched in face and neck, then thrown to ground backwards, and deputies jumped on him and handcuffed him; deputies claimed plaintiff resisted arrest and threatened to spit on officers; jury awarded $900,000); *Moran v. City of Los Angeles*, 2014 WL 7895484 (C.D. Cal. June 26, 2014) (six plaintiffs, including two children, alleged they were struck with batons outside of Halloween party in retaliation for criticizing police; case settled for total of $50,000, with $10,000 allocated to each minor plaintiff prior to deduction of attorney's fees and costs).

/ / /

### 2. Settlements of NIED claims and other minors' claims

Although somewhat rarer, settlements of NIED claims in other cases are likewise comparable to the proposed allocation of $86,759.64 to Plaintiff H.R. here.

*J.G., et al. v. City of Colton, et al.*, No. 5:18-cv-02386-PJW (C.D. Cal.), concerned the shooting death of Mario Guevara by police in December 2017. (Levine Supp. Decl. ¶ 4, Ex. B.) Mr. Guevara's daughter sued as his wrongful death heir and successor-in-interest. (*Id.*) His mother, brother, and two minor nieces each brought claims for infliction of emotional distress only, having witnessed the shooting. (*Id.*) The case settled in 2020 for a total of $575,000, and the district court approved an allocation of $53,475 to each of the minor nieces. (*Id.*; Levine Supp. Decl. ¶ 5, Ex. C.)

Similarly, *N.B., et al. v. County of Los Angeles, et al.*, No. 2:21-cv-02165-FLA-PD (C.D. Cal.), concerned an incident during which Terron Boone was fatally shot, and plaintiff Shellondra Thomas was non-fatally shot, by Los Angeles County Sheriff's Department deputies in June 2020. (Levine Supp. Decl. ¶ 6, Ex. D.) Minor plaintiff D.S. was Ms. Thomas's daughter, but was not a wrongful death heir of Mr. Boone, and brought only an NIED claim based on witnessing the shooting of her mother. (*Id.* at 3, 14.) The case ultimately settled for a total of $275,000, of which the court approved an allocation of $20,000 for D.S. (Levine Supp. Decl. ¶ 7, Ex. E.)

Likewise, in *A.B., et al. v. City of Santa, et al.*, No. SA CV 18-1553-DOC-ADS (C.D. Cal.), involved a fatal police shooting with witnesses who included four minor plaintiffs who asserted only NIED claims. (Levine Supp. Decl. ¶ 8, Ex. F.) Out of a total settlement of $250,000, the court approved an allocation of $10,000 for each of these minor plaintiffs, less costs and attorney's fees. (Levine Supp. Decl. ¶ 9, Ex. G.)

In *Wilkerson v. City of San Diego*, cited above, the wife of one of the primary plaintiffs—who was thrown to ground by officers and pepper sprayed, suffering a

closed head injury, abrasions to his face and head, and two chipped teeth—witnessed the use of force against her husband and brought an emotional distress claim. Although the jury had awarded her husband $45,000, evidently finding that the predicate negligence claim was established, she was nevertheless awarded $0. 2015 WL 8665285. Other similar cases resulted in lower or comparable settlements for NIED claims. *See Aguirre v. City of Santa Ana*, 2009 WL 5258416 (C.D. Cal. Oct. 2, 2009) (plaintiffs alleged police officers broke into plaintiffs' home, forced adult plaintiff to floor and handcuffed him before repeatedly hitting his head against the floor and with a metal flashlight; two minor plaintiffs brought NIED claims based on them witnessing this use of force, and each minor plaintiff settled for $2,500); *Barrett v. City of Vallejo*, 2015 WL 5830095 (E.D. Cal. July 20, 2015) (decedent and 19-year-old son ran from police officers following traffic stop, at which time officers fatally shot decedent, which son heard; officers directed police dog to attack son, who was bitten before being thrown to ground by police officers, who used a racial slur against him; son's claims included NIED based on observing fatal shooting of father, and entire case settled for $210,000).

C.      <u>Time Constraints for Proposed Annuity for H.R.</u>

As noted in Plaintiffs' pending application, the proposed annuity for H.R., if approved by the Court, must be funded by March 25, 2026, or else the interest rates for the annuity will expire, requiring new rates to be obtained. There is a likelihood that new rates would be less favorable for H.R. than the current proposed annuity, resulting in less interest being earned. Although Plaintiffs' counsel are working with Defendants' counsel to attempt to arrange for the annuity payment to be expedited should the Court approve the pending application, no guarantee on timing has yet been provided, and in any event Defendant City of Roseville will require some time to issue payment upon issuance of an order by this Court.

///

-6-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.

Respectfully submitted,

DATED: March 2, 2026      **LAW OFFICES OF DALE K. GALIPO**

By:    */s/ Benjamin S. Levine*
         Dale K. Galipo
         Benjamin S. Levine
         *Attorneys for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF H.R.