# EXHIBIT E

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 1 of 9   Page ID
#:888
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 2 of 10

1
2
3
4
5
6

JS-6

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9

10   N.B., *et al.*,

11                              Plaintiffs,

12              v.

13   COUNTY OF LOS ANGELES, *et al.*,

14                              Defendants.

15

Case No. 2:21-cv-02165-FLA (PDx)

**ORDER APPROVING PLAINTIFFS' AMENDED UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF MINORS' COMPROMISE [DKT. 76] AND DENYING PLAINTIFFS' RENEWED *EX PARTE* APPLICATION AS MOOT [DKT. 73]**

16
17
18
19
20
21
22
23
24
25
26
27
28

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 2 of 9   Page ID
#:889
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 3 of 10

**RULING**

1   Before the court is Plaintiffs N.B. (a minor, by and through guardian *ad litem*

2

3   Elonda Holman, individually and as successor-in-interest to Terron Boone, deceased),

4   T.A. and T.B. (minors, by and through guardian *ad litem* Sharice Armstead,

5   individually and as successors-in-interest to Terron Boone, deceased), D.S. (a minor,

6   by and through guardian *ad litem* Shellondra Thomas, individually), and Shellondra

7   Thomas' ("Thomas") (collectively, "Plaintiffs") Amended Unopposed *Ex Parte*

8   Application for Approval of Minors' Compromise ("Application"), filed on July 9,

9   2025.  Dkt. 76 ("Appl.").[1]  Defendants County of Los Angeles, D.H., S.M., E.B., and

10   B.H. ("Defendants") do not oppose the Application.  *Id.* at 3.[2]

11   For the reasons set forth below, the court GRANTS the Application, Dkt. 76,

12   and DENIES Plaintiffs' Renewed *Ex Parte* Application for Approval of Minors'

13   Compromise, Dkt. 73, as moot.

14   **DISCUSSION**

15   **I.   Legal Standard**

16   "District courts have a special duty, derived from Federal Rule of Civil

17   Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v.*

18   *Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Fed. R. Civ. P. 17(c) provides, in

19   relevant part, that a district court "must appoint a guardian ad litem—or issue another

20   appropriate order—to protect a minor or incompetent person who is unrepresented in

21   an action."  "In the context of proposed settlements in suits involving minor plaintiffs,

22   this special duty requires a district court to 'conduct its own inquiry to determine

23   whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at

24

25   [1] On April 24, 2025, Plaintiffs filed a supplemental declaration with supporting

26   exhibits concerning judgments, verdicts, and settlements in similarly situated cases.
Dkt. 75.

27

28   [2] The court cites documents by the page numbers added by the court's CM/ECF
System, rather than any page numbers included natively.

2

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 3 of 9   Page ID
#:890
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 4 of 10

1    1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

2    **II.    Background**

3         Plaintiffs assert tort claims and claims for violations of constitutional rights

4    against Defendant the County of Los Angeles ("Defendant"), arising from the fatal

5    shooting of Terron Boone ("Boone") on June 17, 2020, by a Los Angeles County

6    Sheriff's Department ("LASD") deputies.  Appl. at 10.  On June 15, 2020, Boone's

7    victim—his then-girlfriend—stated to LASD detectives following her escape that

8    Boone had held her captive for seven days, threatened to kill her and her children, and

9    told her that if anyone tried to help her, she and everyone else would die, which she

10   interpreted to mean Boone would engage in a shootout with police.  *Id*. at 11.  The

11   victim also stated Boone had an AR-15 style rifle, was always armed, and was an

12   active member of a criminal street gang.  *Id.*  The following day, the Los Angeles

13   County District Attorney charged Boone with thirteen felony crimes as a result,

14   including kidnapping, rape, assault with a deadly weapon, domestic violence, and

15   making criminal threats, and caused a warrant to issue for Boone's arrest.  *Id*. at 10–

16   11.

17        On June 17, 2020, LASD deputies located Boone sitting in the passenger seat of

18   Thomas' car.  *Id.*  Thomas was driving, and D.S., Thomas's biological child, was in

19   the backseat.  *Id.*  After the police pulled the car over and instructed Boone to show

20   his hands, Boone exited the car and fired multiple gunshots at the deputies.  *Id*. at 11–

21   12.  Boone died from the deputies' return fire.  *Id.* at 12.  Discovery produced in

22   litigation revealed Boone had fired six rounds at the deputies.  *Id.* at 10.

23        Plaintiffs N.B., T.A., and T.B., Boone's biological children and heirs, brought

24   claims, individually and as successors in interest to Boone, for: (1) unlawful detention

25   and arrest; (2) excessive force; (3) denial of medical care; (4) interference with

26   familial relationship; (5) unconstitutional customs, policies, and practices; (6)

27   ratification; (7) failure to train; (8) false arrest and imprisonment; (9) battery resulting

28   in wrongful death; (10) negligence resulting in wrongful death; and (11) violation of

3

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 4 of 9   Page ID
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 5 of 10
#:891

1   Cal. Civ. Code § 52.1 (the "Bane Act").  *Id.* at 12.

2       During the shootout, Thomas was struck in the chest and forehead by bullet

3   fragments.  *Id.* at 13.  Thomas, in turn, brought individual claims for: (1) unlawful

4   detention and arrest; (2) excessive force; (3) unconstitutional custom, policies, and

5   practices; (4) ratification; (5) failure to train; (6) false arrest and imprisonment; (7)

6   battery; (8) negligence; and (9) violation of the Bane Act.  *Id.* at 13.  D.S. was not

7   physically injured in the shootout but suffered severe emotional and mental distress

8   from seeing her mother shot and Boone killed.  *Id.* at 14.  D.S. asserts claims for: (1)

9   unlawful detention and arrest; (2) excessive force; (3) unconstitutional customs,

10  policies, and practices; (4) ratification; (5) failure to train; (6) false arrest and

11  imprisonment; (7) negligence; (8) negligent infliction of emotional distress; and (9)

12  violation of the Bane Act.  *Id.*

13      Pursuant to a settlement agreement, Defendants have agreed to pay a total gross

14  sum of $275,000 to Plaintiffs.  *Id.* at 8–9.  From this amount, N.B. and her attorneys

15  would receive $65,000, T.A. and his attorneys would receive $65,000, T.B. and his

16  attorneys would receive $65,000, D.S. and her attorneys would receive $20,000, and

17  Thomas and her attorneys would receive $60,000.  *Id.* at 9.  Plaintiffs' counsel

18  requests attorney's fees of 40% of the $275,000 gross proceeds—*i.e.*, $110,000.  *Id.* at

19  21.  After deducting attorney's fees and costs, N.B. would receive $36,328.39, T.A.

20  would receive $36,328.39, T.B. would receive $36,328.39, and D.S. would receive

21  $8,931.50.  *Id.* at 24.  The proceeds would be paid via structured settlement annuities

22  for each minor Plaintiff.  *Id.* at 8–9.

23  **III.  Analysis**

24      After considering the Application, the court APPROVES the parties' proposed

25  settlement of the minor Plaintiffs' claims.  The Application notes the significant

26  evidentiary and legal challenges Plaintiffs would need to overcome to prevail in this

27  action.  *Id.* at 13–15.  Given that "it would be difficult [for Plaintiffs] to survive a

28  motion for summary judgment or prevail at trial," the court agrees the settlement is

4

Case 2:21-cv-02165-FLA-PD    Document 77    Filed 09/24/25    Page 5 of 9    Page ID
#:892
Case 2:22-cv-00085-DC-SCR    Document 62-6    Filed 03/02/26    Page 6 of 10

1    fair and reasonable and "avoid[s] the risk of recovering nothing." *Id.* at 15.  Given

2    these facts, the court finds the proposed recovery for the minor Plaintiffs "fair and

3    reasonable." *See Robidoux*, 638 F.3d at 1181.  The net proceeds of the settlement are

4    to be paid to the minor Plaintiffs through structured settlement annuities, which will

5    serve their best interests.  Appl. at 24–25.

6         The court also has reviewed the requested attorney's fees and expenses and

7    finds they are reasonable.  Plaintiffs' executed engagement agreements with their

8    counsel provide for attorney's fees in the amount of 40% of the gross settlement, in

9    addition to reimbursement of all litigation-related expenses.  Dkt. 76-1 at ¶ 28.  While

10   a 40% fee is admittedly high, the facts of the case—which include allegations

11   decedent kidnapped, assaulted, raped, and threatened to kill his girlfriend, was

12   charged with thirteen violent crimes as a result, was armed, dangerous, and an active

13   gang member at the time of his encounter with the LASD, and instigated a shootout

14   with police as he had suggested he would do—are such that successful prosecution of

15   the action was far from guaranteed.  Further litigation, therefore, posed a significant

16   financial risk to Plaintiffs and their counsel.  As one of Plaintiffs' counsel, Renee V.

17   Masongsong ("Masongsong"), attests, if Plaintiffs' law firms "were not awarded a

18   fully compensatory fee in cases such as this one, then [Plaintiffs'] attorneys would not

19   be able to take [on] such difficult cases." *Id.* at ¶ 30.  Finally, the net award recovered

20   by Plaintiffs is reasonably consistent with settlement amounts agreed to in other

21   actions involving similar facts and legal challenges.[3]

22

23   [3] *See, e.g.*, *A.H. v. County of San Bernardino*, Case No. 5:23-cv-01028-JGB (SHKx),
     Dkt. 44 (C.D. Cal. Dec. 13, 2024) (fatal officer-involved shooting during traffic stop
24   resulted in gross settlement of $250,000, with two minors receiving net settlement
     amounts of $35,338.23 each); *Soria v. County of San Bernardino*, Case No. 5:22-cv-
25   01958-JGB (KKx), Dkt. 33 (C.D. Cal. Sep. 21, 2023) (fatal officer-involved shooting
26   of armed decedent, who was experiencing a mental health crisis, resulted in $250,000
     settlement, Dkt. 75-13); *J.G. v. City of Arvin*, Case No. 1:20-cv-00941-JLT-CDB,
27   2022 WL 17547525 (E.D. Cal. Dec. 9, 2022), *R. & R. adopted sub nom. Vaughnan v.*
28

5

Case 2:21-cv-02165-FLA-PD    Document 77    Filed 09/24/25    Page 6 of 9    Page ID
#:893
Case 2:22-cv-00085-DC-SCR    Document 62-6    Filed 03/02/26    Page 7 of 10

1  <u>**CONCLUSION**</u>

2      For the aforementioned reasons, the court GRANTS the Application,

3  APPROVES the compromises of minor Plaintiffs N.B., T.B., T.A., and D.S.'s claims,

4  and ORDERS as follows:

5      1.      Defendant County of Los Angeles shall prepare and deliver the drafts for

6  the gross settlement proceeds in the amount of $275,000 payable as follows:

7              a.      Defendant County of Los Angeles shall purchase a structured

8  annuity for the benefit of N.B., in the amount of $36,328.39 from Prudential Assigned

9  Settlement Services Corp. ("Assignee"), which shall provide periodic payments to

10  N.B. by The Prudential Insurance Company of America ("Annuity Carrier") in

11  accordance with Exhibit A to the Declaration of Renee V. Masongsong ("Masongsong

12  Declaration"), Dkt. 76-2, and as follows:

13                      i.      $9,840.00 paid as a lump sum on September 10, 2028;

14                      ii.      $9,850.00 paid as a lump sum on September 10, 2031; and

15                      iii.      $28,637.01 paid as a lump sum on September 10, 2034.

16              b.      Defendant County of Los Angeles shall purchase a structured

17  annuity for the benefit of T.A. in the amount of $36,328.39 from Assignee, which

18  shall provide periodic payments to T.A. by the Annuity Carrier in accordance with

19  Exhibit B to the Masongsong Declaration, Dkt. 76-3, and as follows:

20                      i.      $7,380.00 paid as a lump sum on September 15, 2026;

21                      ii.      $9,840.00 paid as a lump sum on September 15, 2029; and

22  _____

23  *Ornales*, Case No. 1:20-cv-00941-JLT-CDB, 2023 WL 1823444 (E.D. Cal. Feb. 8,
2023) (fatal officer-involved shooting of decedent armed with sharp silver object, who
24  had been previously arrested for stabbing an individual with an ice pick, settled for
gross amount of $225,000, with four minor heirs receiving $25,410.06 each); *A.B. v.*
25  *City of Santa Ana*, Case No. 8:18-cv-01553-DOC (ADSx), Dkt. 88 (C.D. Cal. Sep. 24,
26  2020) (fatal officer-involved shooting where decedent made verbal threats to family
members, failed to comply with officers' orders to drop weapon, and moved toward
27  officers with weapon in hand resulted in $90,000 gross settlement, including annuity
28  to plaintiff funded through $50,476.38 net distribution).

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 7 of 9   Page ID
#:894
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 8 of 10

1          iii.     $26,859.82 paid as a lump sum on September 15, 2032.

2          c.      Defendant County of Los Angeles shall purchase a structured

3 annuity for the benefit of T.B. in the amount of $36,328.39 from Assignee, which

4 shall provide periodic payments to T.B. by the Annuity Carrier in accordance with

5 Exhibit B to the Masongsong Declaration, Dkt. 76-3, as follows:

6          i.      $9,850.00 paid as a lump sum on January 4, 2030;

7          ii.     $9,913.48 paid as a lump sum on January 4, 2033; and

8          iii.    $32,505.96 paid as a lump sum on January 4, 2036.

9          d.      Defendant County of Los Angeles shall purchase a structured

10 annuity for the benefit of D.S. in the amount of $8,931.50 from Assignee, which shall

11 provide periodic payments to D.S. by the Annuity Carrier in accordance with Exhibit

12 C to the Masongsong Declaration, Dkt. 76-4, as follows:

13         i.      $6,415.00 paid as a lump sum on March 2, 2034; and

14         ii.     $6,701.06 paid as a lump sum on March 2, 2035.

15    2.    Defendant County of Los Angeles shall fund the annuities by issuing and

16 delivering a check or checks payable to the Assignee by on or before October 1, 2025.

17    3.    Within 30 days of this Order, Defendant County of Los Angeles shall

18 prepare and deliver a draft in the amount of $157,083.33 payable to the "Law Offices

19 of Dale K. Galipo, Client Trust Account."  These funds shall be used to satisfy the

20 following:

21         a.      Contingency attorney's fees owed by Plaintiffs in the total amount

22 of $110,000, which is 40% of the gross settlement;

23         b.      Advanced litigation costs of $11,304.09;

24         c.      The net settlement amount owed to Thomas;

25         d.      Repayment of the Medi-Cal lien owed by D.S. in the amount of

26 $2,244.41; and

27         e.      Repayment of liens owed by Thomas.

28    4.    All sums and periodic payments related to this action constitute damages

7

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 8 of 9   Page ID
#:895
Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 9 of 10

1   on account of personal injuries or illness, arising from an occurrence, within the

2   meaning of 26 U.S.C. § 104(a)(2).

3       5.      Disbursement drafts shall be made payable to and will begin being issued

4   directly to N.B., T.B., T.A., and D.S. upon reaching the age of majority according to

5   the payment schedules set forth in Dkts. 76-2, 76-3, and 76-4.

6       6.      Defendants shall make a "qualified assignment" within the meaning of 26

7   U.S.C. § 130(c) to the Assignee(s) of the Defendants' liability to make the periodic

8   payments as described above and in Dkts. 76-2, 76-3, and 76-4.  Such assignment,

9   when made, shall be accepted by N.B., T.B., T.A., and D.S. without right of rejection

10  and shall completely release and discharge Defendants from obligations hereunder as

11  are assigned to the Assignee(s).

12      7.      Defendants and/or the Assignee(s) shall have the right to fund their

13  liability to make periodic payments by purchasing a "qualified funding asset," within

14  the meaning of 26 U.S.C. § 130(d), in the form of an annuity policy from the Annuity

15  Carrier.

16      8.      The Assignee shall be the owner of the annuity policy or policies, and

17  shall have all rights of ownership.

18      9.      The Assignee may have the Annuity Carrier transmit payments directly

19  to N.B., T.B., T.A., and D.S. as set forth above.

20      10.     Elonda Holman, until N.B. reaches the age of majority, and then N.B.

21  shall be responsible for keeping the Assignee informed of any changes in mailing

22  address and mortality information of N.B.

23      11.     Shellondra Thomas, until D.S. reaches the age of majority, and then D.S.

24  shall be responsible for keeping the Assignee informed of any changes in mailing

25  address and mortality information of D.S.

26      12.     Sharice Armstead, until T.A. and T.B. reach the age of majority, and then

27  T.A. and T.B. shall be responsible for keeping the Assignee informed of any changes

28  in mailing address and mortality information of T.A. and T.B.

Case 2:21-cv-02165-FLA-PD   Document 77   Filed 09/24/25   Page 9 of 9   Page ID
   Case 2:22-cv-00085-DC-SCR   Document 62-6   Filed 03/02/26   Page 10 of 10
#:896

13.     The court DISMISSES the action without prejudice.  The court retains

jurisdiction to vacate this Order and to reopen the action within ninety (90) days from

the date of this Order, provided any request by a party to do so shall make a showing

of good cause as to why the settlement has not been completed within the 90-day

period, what further settlement processes are necessary, and when the party making

such a request reasonably expects the process to be concluded.

14.     This Order does not preclude the filing of a stipulation of dismissal with

prejudice pursuant to Fed. R. Civ. P. 41, which does not require the approval of the

court.  Such stipulation shall be filed within the aforementioned 90-day period, or by

such later date ordered by the court, and shall satisfy the required showing of good

cause stated above.

15.     The court DENIES Plaintiffs' Renewed *Ex Parte* Application for

Approval of Minors' Compromise, Dkt. 73, as moot.


        IT IS SO ORDERED.


Dated: September 24, 2025

                                    _____
                                    FERNANDO L. AENLLE-ROCHA
                                    United States District Judge