EXHIBIT F

1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, Esq. (Bar No. 144074)
   Eric Valenzuela, Esq. (Bar No. 284500)
3  dalekgalipo@yahoo.com
   evalenzuela@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California  91367
5  Telephone:   (818) 347-3333

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  A.B., a minor, by and through his          ) Case No. 8:18−cv−01553−DOC−ADS
    guardian *ad litem*, Yaneli Alonso, et al., )
12                                             ) [*Honorable David O. Carter*]
13            Plaintiffs,                       )
                                               ) **UNOPPOSED PETITION FOR**
14            vs.                               ) **COMPROMISE OF THE CLAIMS**
                                               ) **OF I.B., A MINOR, BY AND**
15  CITY OF SANTA ANA, et al.,                 ) **THROUGH HIS GUARDIAN AD**
                                               ) **LITEM, CARMELA LUCERO**
16            Defendants.                       ) **ORTEGA; MEMORANDUM OF**
                                               ) **POINTS AND AUTHORITIES;**
17                                             ) **DECLARATION OF DALE K.**
                                               ) **GALIPO**
18                                             )
19                                             ) [Proposed Order; and Declaration of
                                               ) Dale K. Galipo *submitted concurrently*
20                                             ) *herewith*]
                                               )
21                                             )
    _____
22

23        **PETITION FOR APPROVAL OF MINOR'S COMPROMISE**

24        Counsel for Plaintiff I.B., a minor, by and through his Guardian Ad Litem,

25  Carmela Lucero Ortega, files this Petition to Compromise the Claim of the minor

26  arising from the lawsuit for civil rights violations and wrongful death against the

27  Defendants.  This Petition seeks authority of the Court to compromise the minor's

28

claim, the use of the proceeds to reimburse counsel for costs expended and for reasonable attorney's fees.  The following is a description of the breakdown submitted to the Court for approval:

| | |
|---|---|
| TOTAL SETTLEMENT: | $250,000.00 (which includes the claims of the five minor Plaintiffs J.A., A.B., L.B., I.B., and J.M. and the six adult Plaintiffs Daniel Brito Saavedra, Carmela Lucero Ortega, Joel Brito, Rosa Brito, Yarumi Brito, and Jennifer Avalos ) |
| MINOR I.B.'s PORTION: | $10,000.00 (4% of total recovery) |
| MINOR L.B.'s PORTION: | $10,000.00 (4% of total recovery) |
| MINOR J.A.'s PORTION: | $10,000.00 (4% of total recovery) |
| MINOR A.B.'s PORTION: | $90,000.00 (36% of total recovery) |
| MINOR J.M.'s PORTION: | $10,000.00 (4% of total recovery) |
| DANIEL BRITO SAAVEDRA's PORTION | $10,000 (4% of total recovery) |
| CARMELA LUCERO ORTEGA'S PORTION | $50,000 (20% of total recovery) |
| JOEL BRITO'S PORTION | $30,000 (12% of total recovery |
| ROSA BRITO'S PORTION | $10,000 (4% of total recovery) |
| YARUMI BRITO'S PORTION | $10,000 (4% of total recovery) |
| JENNIFER AVELOS' PORTION | $10,000 (4% of total recovery) |
| TOTAL COSTS: | $9,787.84 |
| COSTS CHARGED TO MINOR I.B.: | $391.51 (4% of total costs) |

-2-

COSTS CHARGED
TO MINOR L.B.:                          $391.51 (4% of total costs)

COSTS CHARGED
TO MINOR J.A.:                          $391.51 (4% of total costs)

COSTS CHARGED
TO MINOR A.B.:                          $3,523.62 (36% of total costs)

COSTS CHARGED
TO MINOR J.M..:                         $391.51 (4% of total costs)

COSTS CHARGED
TO DANIEL BRITO SAAVEDRA:   $391.51 (4% of total costs)

COSTS CHARGED
TO CARMELA LUCERO ORTEGA:$1,957.57 (20% of total costs)

COSTS CHARGED
TO JOEL BRITO:                          $1,174.54 (12% of total costs)

COSTS CHARGED
TO ROSA BRITO:                          $391.51 (4% of total costs)

COSTS CHARGED
TO YARUMI BRITO:                        $391.51 (4% of total costs)

COSTS CHARGED
TO JENNIFER AVELOS:                     $391.51 (4% of total costs)

TOTAL ATTORNEY FEES
CHARGED TO MINOR I.B.:                  $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR L.B.:                  $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR J.A.:                  $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES

| | | |
|---|---|---|
| 1 | CHARGED TO MINOR A.B.: | $36,000.00 (40% of recovery) |
| | TOTAL ATTORNEY FEES | |
| 2 | CHARGED TO MINOR J.M.: | $4,000.00 (40% of recovery) |
| 3 | | |
| | TOTAL ATTORNEY FEES | |
| 4 | CHARGED TO | |
| 5 | DANIEL BRITO SAAVEDRA: | $4,000.00 (40% of recovery) |
| 6 | | |
| | TOTAL ATTORNEY FEES | |
| 7 | CHARGED TO | |
| | CARMELA LUCERO ORTEGA: | $20,000.00 (40% of recovery) |
| 8 | | |
| 9 | TOTAL ATTORNEY FEES | |
| | CHARGED TO | |
| 10 | JOEL BRITO: | $12,000.00 (40% of recovery) |
| 11 | | |
| | TOTAL ATTORNEY FEES | |
| 12 | CHARGED TO | |
| 13 | ROSA BRITO: | $4,000.00 (40% of recovery) |
| 14 | | |
| | TOTAL ATTORNEY FEES | |
| 15 | CHARGED TO | |
| | YARUMI BRITO: | $4,000.00 (40% of recovery) |
| 16 | | |
| 17 | TOTAL ATTORNEY FEES | |
| | CHARGED TO | |
| 18 | JENNIFER AVELOS: | $4,000.00 (40% of recovery) |
| 19 | | |
| | TOTAL RECOVERY FOR | |
| 20 | MINOR L.B.: | $5,608.49 |
| 21 | | |
| | TOTAL RECOVERY FOR | |
| 22 | MINOR J.A.: | $5,608.49 |
| 23 | | |
| | TOTAL RECOVERY FOR | |
| 24 | MINOR A.B.: | $50,476.38 |
| 25 | | |
| | TOTAL RECOVERY FOR | |
| 26 | MINOR I.B.: | $5,608.49 |
| 27 | | |
| | TOTAL RECOVERY FOR | |
| 28 | | |

| | |
|---|---|
| MINOR J.M.: | $5,608.49 |
| TOTAL RECOVERY FOR DANIEL BRITO SAAVEDRA: | $5,608.49 |
| TOTAL RECOVERY FOR CARMELA LUCERO ORTEGA: | $28,042.43 |
| TOTAL RECOVERY FOR JOEL BRITO: | $16,825.46 |
| TOTAL RECOVERY FOR ROSA BRITO: | $5,608.49 |
| TOTAL RECOVERY FOR YARUMI BRITO: | $5,608.49 |
| TOTAL RECOVERY FOR JENNIFER AVELOS: | $5,608.49 |

Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $4,000 (or 40% of $10,000).

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced $9,787.84 in costs. Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds. Defense counsel has no objection to the proposed distribution and the Petitioner is in agreement with the proposed distribution as well.

Respectfully submitted,

DATED: September 22, 2020        LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
        Dale K. Galipo
        Eric Valenzuela
        Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Carmela Lucero Ortega, guardian *ad litem* for minor plaintiff I.B., hereby petitions this Court for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff I.B. arose out of the fatal shooting of his older brother, decedent Yahir Brito, on July 20, 2017, by City of Santa Ana police officer Tyler Liggett.  The parties recently reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorney of record the total sum of $250,000.

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."  Movant hereby provides and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II.  DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA RULE OF COURT 7.950

(1)  Petitioner is Carmela Lucero Ortega.

(2)  The claimants are Plaintiffs J.A., a minor, A.B., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS.  Petitioner is the court-appointed guardian *ad litem* for the minor Plaintiff I.B.

(3)    The age and gender of the minor claimant is as follows:

Minor Plaintiff I.B. is a 16-year-old male born on June 4, 2004, to Carmela Lucero Ortega and Daniel Brito (parents of Decedent).  Galipo Declaration at ¶ 5.

(4)    The nature of Plaintiffs' claims in this lawsuit are as follows:

Plaintiffs allege that on July 21, 2017, Decedent was at his home in the City of Santa Ana, California, when the Defendant officer deprived Decedent, J.A. (minor who Decedent treated like his biological child, and lived with and was financially dependent on Decedent), A.B. (Decedent's son), L.B. (Decedent's little sister), I.B. (Decedent's little brother, J.M. (Decedent's nephew), DANIEL BRITO SAAVEDRA (Decedent's son), CARMELA LUCERO ORTEGA (Decedent's mom), JOEL BRITO (Decedent's son), ROSA BRITO (Decedent's sister), YARUMI BRITO (Decedent's sister) and JENNIFER AVALOS (Decedent's sister-in-law) of their state and/or constitutional rights when Officer Liggett, of the City of Santa Ana Police Department, fatally shot Decedent.  J.A., A.B., L.B., I.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS brought various wrongful death claims and negligent infliction of emotional distress claims in their individual capacity under state law and/or federal law and A.B. brought survival claims as a lawful successor in interest to the Decedent under state and federal law pursuant to C.C.P. § 377 *et seq.*

Pursuant to the settlement agreement, the minor's claims will be compromised without a trial on the merits.

(5)    Minor claimant I.B. has suffered injuries as a result of the loss of his older brother, Decedent.  The minor Plaintiff is deprived of and will continue to suffer a deprivation of his familial relationship with his older brother, Decedent. Galipo Decl. at ¶ 6.

(6)    Medical treatment is not relevant.

(7)      Medical billing is not relevant.

(8)      The total amount of the settlement that Defendants agree to pay is $250,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $10,000 portion of the settlement for the minor Plaintiff.  The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $4,000 (or 40% of $10,000). Galipo Decl. at ¶ 8.

The Law Offices of Dale K. Galipo also seeks reimbursement for Plaintiffs' total advanced litigation costs.  *Id*.   The total litigation costs are $9,787.84.  Galipo Decl. at ¶ 4.  Because the minor Plaintiff is receiving 4% of the total settlement or $10,000, the minor Plaintiff is being charged 4% of the total costs or $391.51. Plaintiffs A.B., J.A., L.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS are being charged with the remaining 96% of the total costs or $9,396.33.  Galipo Decl. at ¶ 17.

Attorneys at the Law Offices of Dale K. Galipo have expended extensive hours litigating this case and this case involved a substantial amount of risk.  This case involved an exceptional amount of risk for Plaintiffs' counsel due to the allegation that Decedent had physically assaulted his girlfriend including punches to her face and head, then assaulted his brother Joel, including headbutting him and giving him a bloody nose, then punched his sister Rosa in the face, then got into a fight with his father Daniel, including assaulting him with a large wooden bedpost, Decedent was heard verbally threatening to kill his dad, then ultimately retrieved a knife to stab his father, and at some point Decedent's younger sister yelled out that Decedent had a knife and was coming to kill their father in the presence of two police officers, including Officer Liggett.  See Court's MSJ Order [Doc. # 74] at 1-3, 6-7.  Further, there was evidence that Decedent was extremely intoxicated and

high on meth at the time of the incident.  In fact, to further support how risky of a case this was for Plaintiffs' counsel, the Court granted MSJ as to all of Plaintiffs' claims and dismissed/terminated the case due to the overwhelming negative facts and evidence.  See MSJ Order [Doc. # 74-76].  Due to the MSJ Order this case would have resulted in Plaintiffs' counsel losing approximately $10,000 in costs, not to mention to significant amount of time and work spent on the case.  After the Court granted summary judgment as to all of Plaintiffs' claims, Plaintiffs' counsel filed an appeal with the Ninth Circuit, and ultimately the parties were able to reach a settlement.  This difficult and complex case was vigorously defended by the City of Santa Ana and the named officer.  Both of the involved officers claimed that they believed Decedent was about to kill Decedent's father with the knife that he had in his hands and that they were also in fear for their lives and the lives of the remaining family members who were nearby at the time of the shooting.  Further, Defendants' police practices expert opined that the officer's use of deadly force was reasonable, not excessive, was in self-defense or defense of others and that the shooting officer acted consistent with police training and POST standards.  Further, Mr. Galipo and his office conducted significant discovery in this case and had to oppose a very difficult summary judgment motion that was ultimately granted by the Court as to every claim.  There were over 150 pages of police reports that were generated relating to this case, there were approximately 11 hours of audio recordings, including dispatch and audio recorded interviews, there was written discovery that was propounded and responded to by both sides and there were 10 depositions that were taken.  Moreover, Mr. Galipo was instrumental in settling the case, especially after the Court granted summary judgment against the Plaintiffs as to all of their claims.  If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in such difficult cases, it would not be able to take them.  *Id.*  In turn, minor plaintiffs such as I.B. would not be able to attract competent counsel

1   who could achieve similar results when faced with such negative evidence.

2   Attorney Dale K. Galipo was last approved an hourly rate was $1100 per hour

3   (2020). *Id*.

4   (9)     The gross amount of the total proposed settlement is $250,000.  I.B.'s gross

5   amount of the settlement is $10,000.  After deducting the requested attorneys' fees

6   of $4,000 and deducting requested costs of $391.51, the total net settlement

7   proceeds to minor plaintiff is $5,608.49.  Petitioner agrees to this sum. *Id*.

8   (10)   I.B. will reach age 18 in 2022.   It is requested that $5,608.49 be placed in a

9   blocked account accessible to I.B. upon his 18th birthday.  This proposal is agreed

10  to by Petitioner, Carmela Lucero Ortega, the court-appointed guardian ad litem for

11  the minor Plaintiff.  Galipo Decl. ¶ 10.

12  (11)   Under the settlement agreement, only Plaintiffs A.B., J.A., L.B., J.M.,

13  DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO,

14  ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS would also receive

15  disbursements in the total amount of $134,603.70.  Galipo Dec. at ¶ 11.

16  (12)   Petitioner, the moving guardian ad litem, does have claims against

17  Defendants in connection with the subject incident.  Galipo Decl. at ¶ 12.

18  (13)   Petitioner, the moving guardian ad litem, does not have any claims against the

19  minor Plaintiff in connection with the subject incident.  *Id*.

20  (14)   California Welfare and Institutions Code Section 14124.73 does not apply.

21  *Id*.

22  (15)   This motion does not seek an order for payment of money to a special needs

23  trust.  *Id*.

24  ### III.   DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO
25  CALIFORNIA RULE OF COURT 7.951

26  (1)     This petition was prepared by attorney Dale K. Galipo (California Bar

27

28

1   Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank

2   Boulevard, Suite 310, Woodland Hills, California, representing Plaintiffs A.B., a

3   minor, J.A., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO

4   SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

5   YARUMI BRITO and JENNIFER AVALOS. Galipo Decl. at ¶ 16.

6   (2)     The Law Offices of Dale K. Galipo did not become concerned with this

7   matter at the instance of any party against whom the claim of said minor is asserted.

8   *Id*.

9   (3)     The Law Offices of Dale K. Galipo represents Plaintiffs A.B., a minor, J.A., a

10  minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA,

11  CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO

12  and JENNIFER AVALOS, but is not employed by any other party or any insurance

13  carrier involved in the matter.  *Id*.

14  (4)     The Law Offices of Dale K. Galipo has not received any compensation for

15  its services in connection herewith from any person.  *Id*.

16  (5)     The only other source The Law Offices of Dale K. Galipo will receive

17  additional compensation for their services in connection herewith is from Plaintiffs

18  A.B., a minor, J.A., a minor, L.B., a minor, J.M., a minor, DANIEL BRITO

19  SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

20  YARUMI BRITO and JENNIFER AVALOS in the total amount of $105,396.30 or

21  $96,000 in attorney's fees and $9,396.30 in costs.  Galipo Decl. at ¶ 17.

22  (6)     The Law Offices of Dale K. Galipo accepted this engagement for a

23  contingency fee, plus reimbursement for any costs advanced.  Galipo Decl. at ¶ 20.

24  The retainer agreement provides for a 40 percent attorney fee recovery.  *Id*.

25  ///

26  ///

27  ///

28  ///

## IV.   PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFF

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims.  Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor will be forever barred from seeking any further recovery of compensation even though the minor's injuries and loss might in the future appear to be more serious than they are now thought to be.

Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of her injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement.  Petitioner recommends the compromise settlement and the proposed distribution to the minor to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further order as may be just and reasonable.


Respectfully submitted,

DATED:  September 22, 2020          LAW OFFICES OF DALE K. GALIPO


By_____/s/ Dale K. Galipo_____
       Dale K. Galipo
       Eric Valenzuela
       Attorneys for Plaintiffs

1

## VERIFICATION OF CARMELA LUCERO ORTEGA

2

3

I declare under penalty of perjury pursuant to the laws of the United States

4

that the foregoing is true and correct.

5

6

7

Executed on September 16, 2020, at _Santa Ana_ , California.

8

9

_Carmen Lucero_

10

Carmela Lucero Ortega

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Eric Valenzuela, Esq. (Bar No. 284500)
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., a minor, by and through his guardian *ad litem*, Yaneli Alonso, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, et al.,<br><br>Defendants. | Case No. 8:18−cv−01553−DOC−ADS<br><br>[*Honorable David O. Carter*]<br><br>**UNOPPOSED PETITION FOR COMPROMISE OF THE CLAIMS OF J.A., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, YANELI ALONSO; MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION OF DALE K. GALIPO**<br><br>[Proposed Order; and Declaration of Dale K. Galipo *submitted concurrently herewith*] |

## PETITION FOR APPROVAL OF MINOR'S COMPROMISE

Counsel for Plaintiff J.A., a minor, by and through her Guardian Ad Litem, Yaneli Alonso, files this Petition to Compromise the Claim of the minor arising from the lawsuit for civil rights violations and wrongful death against the Defendants.  This Petition seeks authority of the Court to compromise the minor's claim, the use of the proceeds to reimburse counsel for costs expended and for

reasonable attorney's fees.  The following is a description of the breakdown submitted to the Court for approval:

TOTAL SETTLEMENT: $250,000.00 (which includes the claims of the five minor Plaintiffs J.A., A.B., L.B., I.B., and J.M. and the six adult Plaintiffs Daniel Brito Saavedra, Carmela Lucero Ortega, Joel Brito, Rosa Brito, Yarumi Brito, and Jennifer Avalos )

MINOR J.A.'s PORTION: $10,000.00 (4% of total recovery)

MINOR A.B.'s PORTION: $90,000.00 (36% of total recovery)

MINOR L.B.'s PORTION: $10,000.00 (4% of total recovery)

MINOR I.B.'s PORTION: $10,000.00 (4% of total recovery)

MINOR J.M.'s PORTION: $10,000.00 (4% of total recovery)

DANIEL BRITO SAAVEDRA's PORTION $10,000 (4% of total recovery)

CARMELA LUCERO ORTEGA'S PORTION $50,000 (20% of total recovery)

JOEL BRITO'S PORTION $30,000 (12% of total recovery

ROSA BRITO'S PORTION $10,000 (4% of total recovery)

YARUMI BRITO'S PORTION $10,000 (4% of total recovery)

JENNIFER AVELOS' PORTION $10,000 (4% of total recovery)

TOTAL COSTS: $9,787.84

COSTS CHARGED TO MINOR J.A.: $391.51 (4% of total costs)

1

COSTS CHARGED
2   TO MINOR A.B.:                        $3,523.62 (36% of total costs)

3
COSTS CHARGED
4   TO MINOR L.B.:                        $391.51 (4% of total costs)

5
COSTS CHARGED
6   TO MINOR I.B.:                        $391.51 (4% of total costs)

7
COSTS CHARGED
8   TO MINOR J.M..:                       $391.51 (4% of total costs)

9
COSTS CHARGED
10   TO DANIEL BRITO SAAVEDRA:   $391.51 (4% of total costs)

11
COSTS CHARGED
12   TO CARMELA LUCERO ORTEGA: $1,957.57 (20% of total costs)

13
COSTS CHARGED
14   TO JOEL BRITO:                        $1,174.54 (12% of total costs)

15
COSTS CHARGED
16   TO ROSA BRITO:                        $391.51 (4% of total costs)

17
COSTS CHARGED
18   TO YARUMI BRITO:                      $391.51 (4% of total costs)

19
COSTS CHARGED
20   TO JENNIFER AVELOS:                   $391.51 (4% of total costs)

21
TOTAL ATTORNEY FEES
22   CHARGED TO MINOR J.A.:                $4,000.00 (40% of recovery)

23
TOTAL ATTORNEY FEES
24   CHARGED TO MINOR A.B.:                $36,000.00 (40% of recovery)

25
TOTAL ATTORNEY FEES
26   CHARGED TO MINOR L.B.:                $4,000.00 (40% of recovery)

27

28

-3-                    Case No. 8:18−cv−01553−DOC-ADS
PETITION FOR COMPROMISE OF THE CLAIMS OF J.A., A MINOR

TOTAL ATTORNEY FEES
CHARGED TO MINOR I.B.:            $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR J.M.:            $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
DANIEL BRITO SAAVEDRA:            $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
CARMELA LUCERO ORTEGA:       $20,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JOEL BRITO:                       $12,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
ROSA BRITO:                       $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
YARUMI BRITO:                     $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JENNIFER AVELOS:                  $4,000.00 (40% of recovery)

TOTAL RECOVERY FOR
MINOR J.A.:                       $5,608.49

TOTAL RECOVERY FOR
MINOR A.B.:                       $50,476.38

TOTAL RECOVERY FOR
MINOR L.B.:                       $5,608.49

TOTAL RECOVERY FOR
MINOR I.B.:                       $5,608.49

| | | |
|---|---|---|
| TOTAL RECOVERY FOR MINOR J.M.: | | $5,608.49 |
| TOTAL RECOVERY FOR DANIEL BRITO SAAVEDRA: | | $5,608.49 |
| TOTAL RECOVERY FOR CARMELA LUCERO ORTEGA: | | $28,042.43 |
| TOTAL RECOVERY FOR JOEL BRITO: | | $16,825.46 |
| TOTAL RECOVERY FOR ROSA BRITO: | | $5,608.49 |
| TOTAL RECOVERY FOR YARUMI BRITO: | | $5,608.49 |
| TOTAL RECOVERY FOR JENNIFER AVELOS: | | $5,608.49 |

Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $4,000 (or 40% of $10,000).

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced $9,787.84 in costs.  Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds.  Defense counsel has no objection to the proposed distribution and the Petitioner is in agreement with the proposed distribution as well.

Respectfully submitted,

DATED:  September 22, 2020          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Yaneli Alonso, guardian *ad litem* for minor plaintiff J.A., hereby petitions this Court for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff J.A. arose out of the fatal shooting decedent Yahir Brito ("Decedent"), on July 20, 2017, by City of Santa Ana police officer Tyler Liggett.  At the time of the shooting, J.A. lived with his mother Ms. Alonso and Decedent, and was financially dependent on Decedent and Decedent treated him just like he was his biological son, just as he treated A.B. (Decedent's biological son).  The parties recently reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorney of record the total sum of $250,000.

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."  Movant hereby provides and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II.    DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA RULE OF COURT 7.950

(1)    Petitioner is Yaneli Alonso.

(2)    The claimants are Plaintiffs J.A., a minor, A.B., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO

Case No. 8:18-cv-01553-DOC-ADS
PETITION FOR COMPROMISE OF THE CLAIMS OF J.A., A MINOR

1   ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER

2   AVALOS.  Petitioner is the court-appointed guardian *ad litem* for the minor

3   Plaintiff J.A.

4    (3)    The age and gender of the minor claimant is as follows:

5         Minor Plaintiff J.A. is a 5-year-old male born on December 10, 2014.  Yaneli

6   Alonso is J.A.'s natural mother.  However, Decedent is not J.A.'s biological father.

7   Galipo Declaration at ¶ 5.

8   (4)    The nature of Plaintiffs' claims in this lawsuit are as follows:

9         Plaintiffs allege that on July 21, 2017, Decedent was at his home in the City

10  of Santa Ana, California, when the Defendant officer deprived Decedent, J.A.

11  (minor who Decedent treated like his biological child, and lived with and was

12  financially dependent on Decedent), A.B. (Decedent's son), L.B. (Decedent's little

13  sister), I.B. (Decedent's little brother, J.M. (Decedent's nephew), DANIEL BRITO

14  SAAVEDRA (Decedent's son), CARMELA LUCERO ORTEGA (Decedent's

15  mom), JOEL BRITO (Decedent's son), ROSA BRITO (Decedent's sister),

16  YARUMI BRITO (Decedent's sister) and JENNIFER AVALOS (Decedent's sister-

17  in-law) of their state and/or constitutional rights when Officer Liggett, of the City of

18  Santa Ana Police Department, fatally shot Decedent.  J.A., A.B., L.B., I.B., J.M.,

19  DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO,

20  ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS brought various

21  wrongful death claims and negligent infliction of emotional distress claims in their

22  individual capacity under state law and/or federal law and A.B. brought survival

23  claims as a lawful successor in interest to the Decedent under state and federal law

24  pursuant to C.C.P. § 377 *et seq.*

25        Pursuant to the settlement agreement, the minor's claims will be

26  compromised without a trial on the merits.

27

28

(5)     Minor claimant J.A. has suffered injuries as a result of the loss of Decedent, who was the father figure in J.A.'s life.  The minor Plaintiff is deprived of and will continue to suffer a deprivation of his familial relationship with Decedent.  Galipo Decl. at ¶ 6.

(6)     Medical treatment is not relevant.

(7)     Medical billing is not relevant.

(8)     The total amount of the settlement that Defendants agree to pay is $250,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $10,000 portion of the settlement for the minor Plaintiff.  The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $4,000 (or 40% of $10,000). Galipo Decl. at ¶ 8.

The Law Offices of Dale K. Galipo also seeks reimbursement for Plaintiffs' total advanced litigation costs.  *Id.*   The total litigation costs are $9,787.84.  Galipo Decl. at ¶ 4.  Because the minor Plaintiff is receiving 4% of the total settlement or $10,000, the minor Plaintiff is being charged 4% of the total costs or $391.51. Plaintiffs A.B., L.B., I.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS are being charged with the remaining 96% of the total costs or $9,396.33.  Galipo Decl. at ¶ 17.

Attorneys at the Law Offices of Dale K. Galipo have expended extensive hours litigating this case and this case involved a substantial amount of risk.  This case involved an exceptional amount of risk for Plaintiffs' counsel due to the allegation that Decedent had physically assaulted his girlfriend including punches to her face and head, then assaulted his brother Joel, including headbutting him and giving him a bloody nose, then punched his sister Rosa in the face, then got into a fight with his father Daniel, including assaulting him with a large wooden bedpost,

Decedent was heard verbally threatening to kill his dad, then ultimately retrieved a knife to stab his father, and at some point Decedent's younger sister yelled out that Decedent had a knife and was coming to kill their father in the presence of two police officers, including Officer Liggett.  See Court's MSJ Order [Doc. # 74] at 1-3, 6-7.  Further, there was evidence that Decedent was extremely intoxicated and high on meth at the time of the incident.  In fact, to further support how risky of a case this was for Plaintiffs' counsel, the Court granted MSJ as to all of Plaintiffs' claims and dismissed/terminated the case due to the overwhelming negative facts and evidence.  See MSJ Order [Doc. # 74-76].  Due to the MSJ Order this case would have resulted in Plaintiffs' counsel losing approximately $10,000 in costs, not to mention to significant amount of time and work spent on the case.  After the Court granted summary judgment as to all of Plaintiffs' claims, Plaintiffs' counsel filed an appeal with the Ninth Circuit, and ultimately the parties were able to reach a settlement.  This difficult and complex case was vigorously defended by the City of Santa Ana and the named officer.  Both of the involved officers claimed that they believed Decedent was about to kill Decedent's father with the knife that he had in his hands and that they were also in fear for their lives and the lives of the remaining family members who were nearby at the time of the shooting.  Further, Defendants' police practices expert opined that the officer's use of deadly force was reasonable, not excessive, was in self-defense or defense of others and that the shooting officer acted consistent with police training and POST standards.  Further, Mr. Galipo and his office conducted significant discovery in this case and had to oppose a very difficult summary judgment motion that was ultimately granted by the Court as to every claim.  There were over 150 pages of police reports that were generated relating to this case, there were approximately 11 hours of audio recordings, including dispatch and audio recorded interviews, there was written discovery that was propounded and responded to by both sides and there were 10 depositions that

1  were taken.  Moreover, Mr. Galipo was instrumental in settling the case, especially

2  after the Court granted summary judgment against the Plaintiffs as to all of their

3  claims.  If the Law Offices of Dale K. Galipo were not awarded a fully

4  compensatory fee in such difficult cases, it would not be able to take them.  *Id*.  In

5  turn, minor plaintiffs such as J.A. would not be able to attract competent counsel

6  who could achieve similar results when faced with such negative evidence.

7  Attorney Dale K. Galipo was last approved an hourly rate was $1100 per hour

8  (2020).  *Id*.

9  (9)     The gross amount of the total proposed settlement is $250,000.  J.A.'s gross

10 amount of the settlement is $10,000.  After deducting the requested attorneys' fees

11 of $4,000 and deducting requested costs of $391.51, the total net settlement

12 proceeds to minor plaintiff is $5,608.49.  Petitioner agrees to this sum. *Id*.

13 (10)    J.A. will reach age 18 in 2032.   It is requested that $5,608.49 be placed in a

14 blocked account accessible to J.A. upon his 18th birthday.  This proposal is agreed

15 to by Petitioner, Yaneli Alonso, the court-appointed guardian ad litem for the minor

16 Plaintiff.  Galipo Decl. ¶ 10.

17 (11)    Under the settlement agreement, only Plaintiffs A.B. L.B., I.B., J.M.,

18 DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO,

19 ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS would also receive

20 disbursements in the total amount of $134,603.70.  Galipo Dec. at ¶ 11.

21 (12)    Petitioner, the moving guardian ad litem, has no claims against Defendants in

22 connection with the subject incident.  Galipo Decl. at ¶ 12.

23 (13)    Petitioner, the moving guardian ad litem, does not have any claims against the

24 minor Plaintiff in connection with the subject incident.  *Id*.

25 (14)    California Welfare and Institutions Code Section 14124.73 does not apply.

26 *Id*.

27

28

1  (15)   This motion does not seek an order for payment of money to a special needs

2  trust. *Id*.

3

4  **III.   DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO
       CALIFORNIA RULE OF COURT 7.951**

5  (1)   This petition was prepared by attorney Dale K. Galipo (California Bar

6  Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank

7  Boulevard, Suite 310, Woodland Hills, California, representing Plaintiffs A.B., a

8  minor, J.A., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO

9  SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

10  YARUMI BRITO and JENNIFER AVALOS. Galipo Decl. at ¶ 16.

11  (2)   The Law Offices of Dale K. Galipo did not become concerned with this

12  matter at the instance of any party against whom the claim of said minor is asserted.

13  *Id*.

14  (3)   The Law Offices of Dale K. Galipo represents Plaintiffs A.B., a minor, J.A., a

15  minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA,

16  CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO

17  and JENNIFER AVALOS, but is not employed by any other party or any insurance

18  carrier involved in the matter. *Id*.

19  (4)   The Law Offices of Dale K. Galipo has not received any compensation for its

20  services in connection herewith from any person. *Id*.

21  (5)   The only other source The Law Offices of Dale K. Galipo will receive

22  additional compensation for their services in connection herewith is from Plaintiffs

23  A.B., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO

24  SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

25  YARUMI BRITO and JENNIFER AVALOS in the total amount of $105,396.30 or

26  $96,000 in attorney's fees and $9,396.30 in costs.  Galipo Decl. at ¶ 17.

27

28

1  (6)   The Law Offices of Dale K. Galipo accepted this engagement for a

2  contingency fee, plus reimbursement for any costs advanced.  Galipo Decl. at

3  ¶ 18.  The retainer agreement provides for a 40 percent attorney fee recovery.  *Id.*

## IV.   PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFF

6          Petitioner has made a careful and diligent inquiry and investigation to

7  ascertain the facts relating to the incident giving rise to the minor's claims, the

8  parties responsible for the incident, and the nature, extent and seriousness of the

9  minor's claims.  Petitioner further understands that if the compromise proposed in

10  this petition is approved by the Court and is consummated, the minor will be forever

11  barred from seeking any further recovery of compensation even though the minor's

12  injuries and loss might in the future appear to be more serious than they are now

13  thought to be.

14          Petitioner is informed and believes that the minor has made some sufficient

15  recovery from the effects of her injuries and losses so as to justify the resolution of

16  this matter in accord with the terms of the settlement agreement.  Petitioner

17  recommends the compromise settlement and the proposed distribution to the minor

18  to the Court as being fair, reasonable, and in the best interest of the minor, and

19  requests that the Court approve this compromise settlement and make such other and

20  further order as may be just and reasonable.

22  Respectfully submitted,

23  DATED:  September 22, 2020          LAW OFFICES OF DALE K. GALIPO

25                                      By_____ /s/ Dale K. Galipo_____
26                                          Dale K. Galipo
                                           Eric Valenzuela
27                                          Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION OF YANELI ALONSO**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on 22 September 2020, at Los Angeles, California.



1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, Esq. (Bar No. 144074)
   Eric Valenzuela, Esq. (Bar No. 284500)
3  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
5
6  Attorneys for Plaintiffs
7
8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10
11  A.B., a minor, by and through his          ) Case No. 8:18−cv−01553−DOC−ADS
    guardian *ad litem*, Yaneli Alonso, et al., )
12                                              )  [*Honorable David O. Carter*]
          Plaintiffs,                           )
13                                              ) **UNOPPOSED PETITION FOR**
          vs.                                   ) **COMPROMISE OF THE CLAIMS**
14                                              ) **OF J.M., A MINOR, BY AND**
    CITY OF SANTA ANA, et al.,                  ) **THROUGH HIS GUARDIAN AD**
15                                              ) **LITEM, ROSA BRITO;**
          Defendants.                           ) **MEMORANDUM OF POINTS AND**
16                                              ) **AUTHORITIES: DECLARATION**
                                                ) **OF DALE K. GALIPO**
17                                              )
                                                ) [Proposed Order; and Declaration of
18                                              ) Dale K. Galipo *submitted concurrently*
                                                ) *herewith*]
19                                              )
20  _____        )
21
22        **PETITION FOR APPROVAL OF MINOR'S COMPROMISE**
23        Counsel for Plaintiff J.M., a minor, by and through his Guardian Ad Litem,
24  Rosa Brito, files this Petition to Compromise the Claim of the minor arising from
25  the lawsuit for civil rights violations and wrongful death against the Defendants.
26  This Petition seeks authority of the Court to compromise the minor's claim, the use
27  of the proceeds to reimburse counsel for costs expended and for reasonable
28

attorney's fees.  The following is a description of the breakdown submitted to the

Court for approval:

TOTAL SETTLEMENT:          $250,000.00 (which includes the claims
                           of the five minor Plaintiffs J.A., A.B.,
                           L.B., I.B., and J.M. and the six adult
                           Plaintiffs Daniel Brito Saavedra,
                           Carmela Lucero Ortega, Joel Brito,
                           Rosa Brito, Yarumi Brito, and Jennifer
                           Avalos )

MINOR J.M.'s PORTION:      $10,000.00 (4% of total recovery)

MINOR I.B.'s PORTION:      $10,000.00 (4% of total recovery)

MINOR L.B.'s PORTION:      $10,000.00 (4% of total recovery)

MINOR J.A.'s PORTION:      $10,000.00 (4% of total recovery)

MINOR A.B.'s PORTION:      $90,000.00 (36% of total recovery)

DANIEL BRITO SAAVEDRA's
PORTION                    $10,000 (4% of total recovery)

CARMELA LUCERO ORTEGA'S
PORTION                    $50,000 (20% of total recovery)

JOEL BRITO'S PORTION       $30,000 (12% of total recovery

ROSA BRITO'S PORTION       $10,000 (4% of total recovery)

YARUMI BRITO'S PORTION     $10,000 (4% of total recovery)

JENNIFER AVELOS' PORTION   $10,000 (4% of total recovery)

TOTAL COSTS:               $9,787.84

COSTS CHARGED
TO MINOR J.M..:            $391.51 (4% of total costs)

| | |
|---|---|
| COSTS CHARGED TO MINOR I.B.: | $391.51 (4% of total costs) |
| COSTS CHARGED TO MINOR L.B.: | $391.51 (4% of total costs) |
| COSTS CHARGED TO MINOR J.A.: | $391.51 (4% of total costs) |
| COSTS CHARGED TO MINOR A.B.: | $3,523.62 (36% of total costs) |
| COSTS CHARGED TO DANIEL BRITO SAAVEDRA: | $391.51 (4% of total costs) |
| COSTS CHARGED TO CARMELA LUCERO ORTEGA: | $1,957.57 (20% of total costs) |
| COSTS CHARGED TO JOEL BRITO: | $1,174.54 (12% of total costs) |
| COSTS CHARGED TO ROSA BRITO: | $391.51 (4% of total costs) |
| COSTS CHARGED TO YARUMI BRITO: | $391.51 (4% of total costs) |
| COSTS CHARGED TO JENNIFER AVELOS: | $391.51 (4% of total costs) |
| TOTAL ATTORNEY FEES CHARGED TO MINOR J.M.: | $4,000.00 (40% of recovery) |
| TOTAL ATTORNEY FEES CHARGED TO MINOR I.B.: | $4,000.00 (40% of recovery) |
| TOTAL ATTORNEY FEES CHARGED TO MINOR L.B.: | $4,000.00 (40% of recovery) |
| TOTAL ATTORNEY FEES CHARGED TO MINOR J.A.: | $4,000.00 (40% of recovery) |

TOTAL ATTORNEY FEES
CHARGED TO MINOR A.B.:        $36,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
DANIEL BRITO SAAVEDRA:        $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
CARMELA LUCERO ORTEGA:        $20,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JOEL BRITO:                   $12,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
ROSA BRITO:                   $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
YARUMI BRITO:                 $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JENNIFER AVELOS:              $4,000.00 (40% of recovery)

TOTAL RECOVERY FOR
MINOR J.M.:                   $5,608.49

TOTAL RECOVERY FOR
MINOR L.B.:                   $5,608.49

TOTAL RECOVERY FOR
MINOR J.A.:                   $5,608.49

TOTAL RECOVERY FOR
MINOR A.B.:                   $50,476.38

TOTAL RECOVERY FOR
MINOR I.B.:                    $5,608.49

TOTAL RECOVERY FOR
DANIEL BRITO SAAVEDRA:         $5,608.49

TOTAL RECOVERY FOR
CARMELA LUCERO ORTEGA:         $28,042.43

TOTAL RECOVERY FOR
JOEL BRITO:                    $16,825.46

TOTAL RECOVERY FOR
ROSA BRITO:                    $5,608.49

TOTAL RECOVERY FOR
YARUMI BRITO:                  $5,608.49

TOTAL RECOVERY FOR
JENNIFER AVELOS:               $5,608.49

Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $4,000 (or 40% of $10,000).

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced $9,787.84 in costs. Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds. Defense counsel has no objection to the proposed distribution and the Petitioner is in agreement with the proposed distribution as well.

Respectfully submitted,

DATED:  September 22, 2020        LAW OFFICES OF DALE K. GALIPO

                                  By_____/s/ Dale K. Galipo_____
                                     Dale K. Galipo
                                     Eric Valenzuela
                                     Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Rosa Brito, guardian *ad litem* for minor plaintiff J.M., hereby petitions this Court for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff J.M. arose out of the fatal shooting of his uncle, decedent Yahir Brito, on July 20, 2017, by City of Santa Ana police officer Tyler Liggett.  The parties recently reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorney of record the total sum of $250,000.

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."  Movant hereby provides and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II.   DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA RULE OF COURT 7.950

(1)   Petitioner is Rosa Brito.

(2)   The claimants are Plaintiffs J.A., a minor, A.B., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS.  Petitioner is the court-appointed guardian *ad litem* for the minor Plaintiff J.M.

1  (3)     The age and gender of the minor claimant is as follows:

2        Minor Plaintiff J.M. is an 8-year-old male born on December 31, 2011, and

3  his natural mother is Rosa Brito (sister of Decedent).  Galipo Declaration at ¶ 5.

4  (4)     The nature of Plaintiffs' claims in this lawsuit are as follows:

5        Plaintiffs allege that on July 21, 2017, Decedent was at his home in the City

6  of Santa Ana, California, when the Defendant officer deprived Decedent, J.A.

7  (minor who Decedent treated like his biological child, and lived with and was

8  financially dependent on Decedent), A.B. (Decedent's son), L.B. (Decedent's little

9  sister), I.B. (Decedent's little brother, J.M. (Decedent's nephew), DANIEL BRITO

10  SAAVEDRA (Decedent's son), CARMELA LUCERO ORTEGA (Decedent's

11  mom), JOEL BRITO (Decedent's son), ROSA BRITO (Decedent's sister),

12  YARUMI BRITO (Decedent's sister) and JENNIFER AVALOS (Decedent's sister-

13  in-law) of their state and/or constitutional rights when Officer Liggett, of the City of

14  Santa Ana Police Department, fatally shot Decedent.  J.A., A.B., L.B., I.B., J.M.,

15  DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO,

16  ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS brought various

17  wrongful death claims and negligent infliction of emotional distress claims in their

18  individual capacity under state law and/or federal law and A.B. brought survival

19  claims as a lawful successor in interest to the Decedent under state and federal law

20  pursuant to C.C.P. § 377 *et seq.*

21        Pursuant to the settlement agreement, the minor's claims will be

22  compromised without a trial on the merits.

23  (5)     Minor claimant J.M. has suffered injuries as a result of the loss of his uncle,

24  Decedent.  The minor Plaintiff is deprived of and will continue to suffer a

25  deprivation of his familial relationship with his uncle, Decedent. Galipo Decl. at ¶ 6.

26  (6)     Medical treatment is not relevant.

27  (7)     Medical billing is not relevant.

28

(8)     The total amount of the settlement that Defendants agree to pay is $250,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $10,000 portion of the settlement for the minor Plaintiff.  The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $4,000 (or 40% of $10,000). Galipo Decl. at ¶ 8.

The Law Offices of Dale K. Galipo also seeks reimbursement for Plaintiffs' total advanced litigation costs.  *Id*.   The total litigation costs are $9,787.84.  Galipo Decl. at ¶ 4.  Because the minor Plaintiff is receiving 4% of the total settlement or $10,000, the minor Plaintiff is being charged 4% of the total costs or $391.51. Plaintiffs A.B., J.A., L.B., I.B., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS are being charged with the remaining 96% of the total costs or $9,396.33.  Galipo Decl. at ¶ 17.

Attorneys at the Law Offices of Dale K. Galipo have expended extensive hours litigating this case and this case involved a substantial amount of risk.  This case involved an exceptional amount of risk for Plaintiffs' counsel due to the allegation that Decedent had physically assaulted his girlfriend including punches to her face and head, then assaulted his brother Joel, including headbutting him and giving him a bloody nose, then punched his sister Rosa in the face, then got into a fight with his father Daniel, including assaulting him with a large wooden bedpost, Decedent was heard verbally threatening to kill his dad, then ultimately retrieved a knife to stab his father, and at some point Decedent's younger sister yelled out that Decedent had a knife and was coming to kill their father in the presence of two police officers, including Officer Liggett.  See Court's MSJ Order [Doc. # 74] at 1-3, 6-7.  Further, there was evidence that Decedent was extremely intoxicated and high on meth at the time of the incident.  In fact, to further support how risky of a

case this was for Plaintiffs' counsel, the Court granted MSJ as to all of Plaintiffs' claims and dismissed/terminated the case due to the overwhelming negative facts and evidence.  See MSJ Order [Doc. # 74-76].  Due to the MSJ Order this case would have resulted in Plaintiffs' counsel losing approximately $10,000 in costs, not to mention to significant amount of time and work spent on the case.  After the Court granted summary judgment as to all of Plaintiffs' claims, Plaintiffs' counsel filed an appeal with the Ninth Circuit, and ultimately the parties were able to reach a settlement.  This difficult and complex case was vigorously defended by the City of Santa Ana and the named officer.  Both of the involved officers claimed that they believed Decedent was about to kill Decedent's father with the knife that he had in his hands and that they were also in fear for their lives and the lives of the remaining family members who were nearby at the time of the shooting.  Further, Defendants' police practices expert opined that the officer's use of deadly force was reasonable, not excessive, was in self-defense or defense of others and that the shooting officer acted consistent with police training and POST standards.  Further, Mr. Galipo and his office conducted significant discovery in this case and had to oppose a very difficult summary judgment motion that was ultimately granted by the Court as to every claim.  There were over 150 pages of police reports that were generated relating to this case, there were approximately 11 hours of audio recordings, including dispatch and audio recorded interviews, there was written discovery that was propounded and responded to by both sides and there were 10 depositions that were taken.  Moreover, Mr. Galipo was instrumental in settling the case, especially after the Court granted summary judgment against the Plaintiffs as to all of their claims.  If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in such difficult cases, it would not be able to take them. *Id*.  In turn, minor plaintiffs such as J.M. would not be able to attract competent counsel who could achieve similar results when faced with such negative evidence.

1 Attorney Dale K. Galipo was last approved an hourly rate was $1100 per hour

2 (2020). *Id.*

3 (9)     The gross amount of the total proposed settlement is $250,000.  J.M.'s gross

4 amount of the settlement is $10,000.  After deducting the requested attorneys' fees

5 of $4,000 and deducting requested costs of $391.51, the total net settlement

6 proceeds to minor plaintiff is $5,608.49.  Petitioner agrees to this sum. *Id.*

7 (10)    J.M. will reach age 18 in 2030.   It is requested that $5,608.49 be placed in a

8 blocked account accessible to J.M. upon his 18th birthday.  This proposal is agreed

9 to by Petitioner, Rosa Brito, the court-appointed guardian ad litem for the minor

10 Plaintiff.  Galipo Decl. ¶ 10.

11 (11)    Under the settlement agreement, only Plaintiffs A.B., J.A., L.B., I.B.,

12 DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO,

13 ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS would also receive

14 disbursements in the total amount of $134,603.70.  Galipo Dec. at ¶ 11.

15 (12)    Petitioner, the moving guardian ad litem, does have claims against

16 Defendants in connection with the subject incident.  Galipo Decl. at ¶ 12.

17 (13)    Petitioner, the moving guardian ad litem, does not have any claims against the

18 minor Plaintiff in connection with the subject incident.  *Id.*

19 (14)    California Welfare and Institutions Code Section 14124.73 does not apply.

20 *Id.*

21 (15)    This motion does not seek an order for payment of money to a special needs

22 trust. *Id.*

23
24 **III.    DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO
         CALIFORNIA RULE OF COURT 7.951**

25 (1)     This petition was prepared by attorney Dale K. Galipo (California Bar

26 Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank

27 Boulevard, Suite 310, Woodland Hills, California, representing Plaintiffs A.B., a

28

1  minor, J.A., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO

2  SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

3  YARUMI BRITO and JENNIFER AVALOS. Galipo Decl. at ¶ 16.

4  (2)     The Law Offices of Dale K. Galipo did not become concerned with this

5  matter at the instance of any party against whom the claim of said minor is asserted.

6  *Id*.

7  (3)     The Law Offices of Dale K. Galipo represents Plaintiffs A.B., a minor, J.A., a

8  minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA,

9  CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO

10  and JENNIFER AVALOS, but is not employed by any other party or any insurance

11  carrier involved in the matter.  *Id*.

12  (4)     The Law Offices of Dale K. Galipo has not received any compensation for its

13  services in connection herewith from any person.  *Id*.

14  (5)     The only other source The Law Offices of Dale K. Galipo will receive

15  additional compensation for their services in connection herewith is from Plaintiffs

16  A.B., a minor, J.A., a minor, L.B., a minor, I.B., a minor, DANIEL BRITO

17  SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO,

18  YARUMI BRITO and JENNIFER AVALOS in the total amount of $105,396.30 or

19  $96,000 in attorney's fees and $9,396.30 in costs.  Galipo Decl. at ¶ 17.

20  (6)     The Law Offices of Dale K. Galipo accepted this engagement for a

21  contingency fee, plus reimbursement for any costs advanced.  Galipo Decl. at ¶ 20.

22  The retainer agreement provides for a 40 percent attorney fee recovery.  *Id*.

23
24  **IV.     PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST
          INTERESTS OF THE MINOR PLAINTIFF**

25         Petitioner has made a careful and diligent inquiry and investigation to

26  ascertain the facts relating to the incident giving rise to the minor's claims, the

27  parties responsible for the incident, and the nature, extent and seriousness of the

28

1   minor's claims.  Petitioner further understands that if the compromise proposed in

2   this petition is approved by the Court and is consummated, the minor will be forever

3   barred from seeking any further recovery of compensation even though the minor's

4   injuries and loss might in the future appear to be more serious than they are now

5   thought to be.

6         Petitioner is informed and believes that the minor has made some sufficient

7   recovery from the effects of her injuries and losses so as to justify the resolution of

8   this matter in accord with the terms of the settlement agreement.  Petitioner

9   recommends the compromise settlement and the proposed distribution to the minor

10  to the Court as being fair, reasonable, and in the best interest of the minor, and

11  requests that the Court approve this compromise settlement and make such other and

12  further order as may be just and reasonable.

13

14  Respectfully submitted,

15  DATED:  September 22, 2020         LAW OFFICES OF DALE K. GALIPO

16

17                                By_____/s/ Dale K. Galipo
                                      Dale K. Galipo
18                                    Eric Valenzuela
                                      Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

-7-                Case No. 8:18−cv−01553−DOC−ADS
PETITION FOR COMPROMISE OF THE CLAIMS of J.M., A MINOR

1

## VERIFICATION OF ROSA BRITO

2

3        I declare under penalty of perjury pursuant to the laws of the United States

4    that the foregoing is true and correct.

5

6        Executed on September 16, 2020, at _____, California.

7

8                          Rosa Brito
                       _____
9                          Rosa Brito

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Eric Valenzuela, Esq. (Bar No. 284500)
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333

6  Attorneys for Plaintiffs

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11
12
13
14
15
16
17
18
19
20
21

A.B., a minor, by and through his
guardian *ad litem*, Yaneli Alonso, et al.,

Plaintiffs,

vs.

CITY OF SANTA ANA, et al.,

Defendants.

) Case No. 8:18−cv−01553−DOC−ADS
)
) [*Honorable David O. Carter*]
)
) **UNOPPOSED PETITION FOR**
) **COMPROMISE OF THE CLAIMS**
) **OF L.B., A MINOR, BY AND**
) **THROUGH HER GUARDIAN AD**
) **LITEM, CARMELA LUCERO**
) **ORTEGA; MEMORANDUM OF**
) **POINTS AND AUTHORITIES:**
) **DECLARATION OF DALE K.**
) **GALIPO**
)
) [Proposed Order; and Declaration of
) Dale K. Galipo *submitted concurrently*
) *herewith*]
)

22

23        **PETITION FOR APPROVAL OF MINOR'S COMPROMISE**

24        Counsel for Plaintiff L.B., a minor, by and through her Guardian Ad Litem,

25  Carmela Lucero Ortega, files this Petition to Compromise the Claim of the minor

26  arising from the lawsuit for civil rights violations and wrongful death against the

27  Defendants.  This Petition seeks authority of the Court to compromise the minor's

28

1  claim, the use of the proceeds to reimburse counsel for costs expended and for

2  reasonable attorney's fees.  The following is a description of the breakdown

3  submitted to the Court for approval:

4
5          TOTAL SETTLEMENT:                $250,000.00 (which includes the claims
                                            of the five minor Plaintiffs J.A., A.B.,
6                                           L.B., I.B., and J.M. and the six adult
                                            Plaintiffs Daniel Brito Saavedra,
7                                           Carmela Lucero Ortega, Joel Brito,
                                            Rosa Brito, Yarumi Brito, and Jennifer
8                                           Avalos )

9
10         MINOR L.B.'s PORTION:            $10,000.00 (4% of total recovery)

11         MINOR J.A.'s PORTION:            $10,000.00 (4% of total recovery)

12
           MINOR A.B.'s PORTION:            $90,000.00 (36% of total recovery)
13
14         MINOR I.B.'s PORTION:            $10,000.00 (4% of total recovery)

15         MINOR J.M.'s PORTION:            $10,000.00 (4% of total recovery)

16
           DANIEL BRITO SAAVEDRA's
17         PORTION                          $10,000 (4% of total recovery)

18
           CARMELA LUCERO ORTEGA'S
19         PORTION                          $50,000 (20% of total recovery)

20
           JOEL BRITO'S PORTION            $30,000 (12% of total recovery
21
22         ROSA BRITO'S PORTION            $10,000 (4% of total recovery)

23         YARUMI BRITO'S PORTION          $10,000 (4% of total recovery)

24
           JENNIFER AVELOS' PORTION        $10,000 (4% of total recovery)
25
26         TOTAL COSTS:                    $9,787.84

27         COSTS CHARGED
28         TO MINOR L.B.:                  $391.51 (4% of total costs)

COSTS CHARGED
TO MINOR J.A.:                 $391.51 (4% of total costs)

COSTS CHARGED
TO MINOR A.B.:                 $3,523.62 (36% of total costs)

COSTS CHARGED
TO MINOR I.B.:                 $391.51 (4% of total costs)

COSTS CHARGED
TO MINOR J.M..:                $391.51 (4% of total costs)

COSTS CHARGED
TO DANIEL BRITO SAAVEDRA:  $391.51 (4% of total costs)

COSTS CHARGED
TO CARMELA LUCERO ORTEGA: $1,957.57 (20% of total costs)

COSTS CHARGED
TO JOEL BRITO:                 $1,174.54 (12% of total costs)

COSTS CHARGED
TO ROSA BRITO:                 $391.51 (4% of total costs)

COSTS CHARGED
TO YARUMI BRITO:               $391.51 (4% of total costs)

COSTS CHARGED
TO JENNIFER AVELOS:            $391.51 (4% of total costs)

TOTAL ATTORNEY FEES
CHARGED TO MINOR L.B.:         $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR J.A.:         $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR A.B.:         $36,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR I.B.:          $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO MINOR J.M.:          $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
DANIEL BRITO SAAVEDRA:          $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
CARMELA LUCERO ORTEGA:          $20,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JOEL BRITO:                     $12,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
ROSA BRITO:                     $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
YARUMI BRITO:                   $4,000.00 (40% of recovery)

TOTAL ATTORNEY FEES
CHARGED TO
JENNIFER AVELOS:                $4,000.00 (40% of recovery)

TOTAL RECOVERY FOR
MINOR L.B.:                     $5,608.49

TOTAL RECOVERY FOR
MINOR J.A.:                     $5,608.49

TOTAL RECOVERY FOR
MINOR A.B.:                     $50,476.38

TOTAL RECOVERY FOR
MINOR I.B.:                     $5,608.49

TOTAL RECOVERY FOR
MINOR J.M.:                        $5,608.49

TOTAL RECOVERY FOR
DANIEL BRITO SAAVEDRA:      $5,608.49

TOTAL RECOVERY FOR
CARMELA LUCERO ORTEGA:    $28,042.43

TOTAL RECOVERY FOR
JOEL BRITO:                       $16,825.46

TOTAL RECOVERY FOR
ROSA BRITO:                       $5,608.49

TOTAL RECOVERY FOR
YARUMI BRITO:                    $5,608.49

TOTAL RECOVERY FOR
JENNIFER AVELOS:                 $5,608.49

Plaintiffs signed a retainer providing for attorney fees of 40% of any settlement after filing a lawsuit, so Plaintiffs' counsel's total fee for representing the minor is $4,000 (or 40% of $10,000).

In order to prosecute the Plaintiffs' action, Plaintiffs' counsel advanced $9,787.84 in costs. Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds. Defense counsel has no objection to the proposed distribution and the Petitioner is in agreement with the proposed distribution as well.

Respectfully submitted,

DATED:  September 22, 2020        LAW OFFICES OF DALE K. GALIPO

                                 By_____/s/ Dale K. Galipo_____
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Carmela Lucero Ortega, guardian *ad litem* for minor plaintiff L.B., hereby petitions this Court for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff L.B. arose out of the fatal shooting of her older brother, decedent Yahir Brito, on July 20, 2017, by City of Santa Ana police officer Tyler Liggett.  The parties recently reached a settlement agreement which obligates Defendants to pay to the Plaintiffs and their attorney of record the total sum of $250,000.

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."  Movant hereby provides and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II.    DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA
##        RULE OF COURT 7.950

(1)    Petitioner is Carmela Lucero Ortega.

(2)    The claimants are Plaintiffs J.A., a minor, A.B., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS.  Petitioner is the court-appointed guardian *ad litem* for the minor Plaintiff L.B.

 (3)    The age and gender of the minor claimant is as follows:

        Minor Plaintiff L.B. is a 17-year-old female born on June 1, 2003, to Carmela Lucero Ortega and Daniel Brito (parents of Decedent).  Galipo Declaration at ¶ 5.

(4)    The nature of Plaintiffs' claims in this lawsuit are as follows:

        Plaintiffs allege that on July 21, 2017, Decedent was at his home in the City of Santa Ana, California, when the Defendant officer deprived Decedent, J.A. (minor who Decedent treated like his biological child, and lived with and was financially dependent on Decedent), A.B. (Decedent's son), L.B. (Decedent's little sister), I.B. (Decedent's little brother, J.M. (Decedent's nephew), DANIEL BRITO SAAVEDRA (Decedent's son), CARMELA LUCERO ORTEGA (Decedent's mom), JOEL BRITO (Decedent's son), ROSA BRITO (Decedent's sister), YARUMI BRITO (Decedent's sister) and JENNIFER AVALOS (Decedent's sister-in-law) of their state and/or constitutional rights when Officer Liggett, of the City of Santa Ana Police Department, fatally shot Decedent.  J.A., A.B., L.B., I.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS brought various wrongful death claims and negligent infliction of emotional distress claims in their individual capacity under state law and/or federal law and A.B. brought survival claims as a lawful successor in interest to the Decedent under state and federal law pursuant to C.C.P. § 377 *et seq.*

        Pursuant to the settlement agreement, the minor's claims will be compromised without a trial on the merits.

(5)    Minor claimant L.B. has suffered injuries as a result of the loss of her older brother, Decedent.  The minor Plaintiff is deprived of and will continue to suffer a deprivation of her familial relationship with her older brother, Decedent. Galipo Decl. at ¶ 6.

(6)    Medical treatment is not relevant.

(7)    Medical billing is not relevant.

(8)     The total amount of the settlement that Defendants agree to pay is $250,000. Plaintiffs' counsel, the Law Offices of Dale K. Galipo, is requesting attorney's fees of 40 percent of the $10,000 portion of the settlement for the minor Plaintiff. The Plaintiffs signed a retainer providing for attorney fees of 40% of the total recovery, so counsel's total fee for representing the minor is $4,000 (or 40% of $10,000). Galipo Decl. at ¶ 8.

The Law Offices of Dale K. Galipo also seeks reimbursement for Plaintiffs' total advanced litigation costs. *Id.* The total litigation costs are $9,787.84. Galipo Decl. at ¶ 4. Because the minor Plaintiff is receiving 4% of the total settlement or $10,000, the minor Plaintiff is being charged 4% of the total costs or $391.51. Plaintiffs A.B., J.A., I.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS are being charged with the remaining 96% of the total costs or $9,396.33. Galipo Decl. at ¶ 17.

Attorneys at the Law Offices of Dale K. Galipo have expended extensive hours litigating this case and this case involved a substantial amount of risk. This case involved an exceptional amount of risk for Plaintiffs' counsel due to the allegation that Decedent had physically assaulted his girlfriend including punches to her face and head, then assaulted his brother Joel, including headbutting him and giving him a bloody nose, then punched his sister Rosa in the face, then got into a fight with his father Daniel, including assaulting him with a large wooden bedpost, Decedent was heard verbally threatening to kill his dad, then ultimately retrieved a knife to stab his father, and at some point Decedent's younger sister yelled out that Decedent had a knife and was coming to kill their father in the presence of two police officers, including Officer Liggett. See Court's MSJ Order [Doc. # 74] at 1-3, 6-7. Further, there was evidence that Decedent was extremely intoxicated and high on meth at the time of the incident. In fact, to further support how risky of a case this was for Plaintiffs' counsel, the Court granted MSJ as to all of Plaintiffs'

1   claims and dismissed/terminated the case due to the overwhelming negative facts

2   and evidence.  See MSJ Order [Doc. # 74-76].  Due to the MSJ Order this case

3   would have resulted in Plaintiffs' counsel losing approximately $10,000 in costs, not

4   to mention to significant amount of time and work spent on the case.  After the

5   Court granted summary judgment as to all of Plaintiffs' claims, Plaintiffs' counsel

6   filed an appeal with the Ninth Circuit, and ultimately the parties were able to reach a

7   settlement.  This difficult and complex case was vigorously defended by the City of

8   Santa Ana and the named officer.  Both of the involved officers claimed that they

9   believed Decedent was about to kill Decedent's father with the knife that he had in

10  his hands and that they were also in fear for their lives and the lives of the remaining

11  family members who were nearby at the time of the shooting.  Further, Defendants'

12  police practices expert opined that the officer's use of deadly force was reasonable,

13  not excessive, was in self-defense or defense of others and that the shooting officer

14  acted consistent with police training and POST standards.  Further, Mr. Galipo and

15  his office conducted significant discovery in this case and had to oppose a very

16  difficult summary judgment motion that was ultimately granted by the Court as to

17  every claim.  There were over 150 pages of police reports that were generated

18  relating to this case, there were approximately 11 hours of audio recordings,

19  including dispatch and audio recorded interviews, there was written discovery that

20  was propounded and responded to by both sides and there were 10 depositions that

21  were taken.  Moreover, Mr. Galipo was instrumental in settling the case, especially

22  after the Court granted summary judgment against the Plaintiffs as to all of their

23  claims.  If the Law Offices of Dale K. Galipo were not awarded a fully

24  compensatory fee in such difficult cases, it would not be able to take them.  *Id*.  In

25  turn, minor plaintiffs such as L.B. would not be able to attract competent counsel

26  who could achieve similar results when faced with such negative evidence.

27  Attorney Dale K. Galipo was last approved an hourly rate was $1100 per hour

28  (2020).  *Id*.

(9)    The gross amount of the total proposed settlement is $250,000. L.B.'s gross amount of the settlement is $10,000. After deducting the requested attorneys' fees of $4,000 and deducting requested costs of $391.51, the total net settlement proceeds to minor plaintiff is $5,608.49. Petitioner agrees to this sum. *Id*.

(10)    L.B. will reach age 18 in 2021.   It is requested that $5,608.49 be placed in a blocked account accessible to L.B. upon her 18th birthday. This proposal is agreed to by Petitioner, Carmela Lucero Ortega, the court-appointed guardian ad litem for the minor Plaintiff. Galipo Decl. ¶ 10.

(11)    Under the settlement agreement, only Plaintiffs A.B., J.A., I.B., J.M., DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS would also receive disbursements in the total amount of $134,603.70. Galipo Dec. at ¶ 11.

(12)    Petitioner, the moving guardian ad litem, does have claims against Defendants in connection with the subject incident. Galipo Decl. at ¶ 12.

(13)    Petitioner, the moving guardian ad litem, does not have any claims against the minor Plaintiff in connection with the subject incident. *Id*.

(14)    California Welfare and Institutions Code Section 14124.73 does not apply. *Id*.

(15)    This motion does not seek an order for payment of money to a special needs trust. *Id*.

## III.    DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO CALIFORNIA RULE OF COURT 7.951

(1)    This petition was prepared by attorney Dale K. Galipo (California Bar Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, representing Plaintiffs A.B., a minor, J.A., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS. Galipo Decl. at ¶ 16.

(2)   The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. *Id.*

(3)   The Law Offices of Dale K. Galipo represents Plaintiffs A.B., a minor, J.A., a minor, L.B., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS, but is not employed by any other party or any insurance carrier involved in the matter. *Id.*

(4)   The Law Offices of Dale K. Galipo has not received any compensation for its services in connection herewith from any person. *Id.*

(5)   The only other source The Law Offices of Dale K. Galipo will receive additional compensation for their services in connection herewith is from Plaintiffs A.B., a minor, J.A., a minor, I.B., a minor, J.M., a minor, DANIEL BRITO SAAVEDRA, CARMELA LUCERO ORTEGA, JOEL BRITO, ROSA BRITO, YARUMI BRITO and JENNIFER AVALOS in the total amount of $105,396.30 or $96,000 in attorney's fees and $9,396.30 in costs.  Galipo Decl. at ¶ 17.

(6)   The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced.  Galipo Decl. at  ¶ 20. The retainer agreement provides for a 40 percent attorney fee recovery. *Id.*

## IV.   PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFF

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims.  Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor will be forever barred from seeking any further recovery of compensation even though the minor's

1   injuries and loss might in the future appear to be more serious than they are now

2   thought to be.

3       Petitioner is informed and believes that the minor has made some sufficient

4   recovery from the effects of her injuries and losses so as to justify the resolution of

5   this matter in accord with the terms of the settlement agreement.  Petitioner

6   recommends the compromise settlement and the proposed distribution to the minor

7   to the Court as being fair, reasonable, and in the best interest of the minor, and

8   requests that the Court approve this compromise settlement and make such other and

9   further order as may be just and reasonable.

10

11   Respectfully submitted,

12   DATED:  September 22, 2020      LAW OFFICES OF DALE K. GALIPO

13

14                By_____/s/ Dale K. Galipo_____
                        Dale K. Galipo
15                      Eric Valenzuela
                        Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**VERIFICATION OF CARMELA LUCERO ORTEGA**

2

3          I declare under penalty of perjury pursuant to the laws of the United States

4    that the foregoing is true and correct.

5

6          Executed on September 22, 2020, at _____, California.

7

8                              _____
                               Carmela Lucero Ortega

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28