UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBLES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEAN RIANO, et al.<br><br>Defendants. | No. 2:22-cv-00085-DC-SCR<br><br>ORDER GRANTING *EX PARTE APPLICATION* FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF H.R.<br><br>(Doc. No. 60) |

This matter is before the court on Plaintiffs Katherine Robles and H.R.'s unopposed *ex parte* application for court approval of the compromise of the claims of minor Plaintiff H.R. (Doc. No. 60.) For the reasons explained below, the court will grant Plaintiffs' application.

**BACKGROUND**

On August 26, 2022, the court issued an order appointing Plaintiff Katherine Robles, Plaintiff H.R.'s mother, as his guardian *ad litem*. (Doc. No. 22.) Plaintiff H.R. is a twelve-year-old boy, but he was seven years old at the time of the incident giving rise to this civil rights action. (Doc. Nos. 8 at ¶ 6; 54 at 8.) Specifically, Plaintiffs allege that an officer of the Roseville Police Department used excessive and unreasonable force against Plaintiff Katherine Robles during an arrest on February 21, 2021. (Doc. No. 8 at ¶¶ 1, 35.) Plaintiffs allege Plaintiff H.R. observed that incident and experienced significant emotional distress as a result of the use of force against his mother. (*Id*. at ¶ 44.)

1

1    Plaintiffs initiated this case by filing a complaint on January 14, 2022. (Doc. No. 1.) On
2    February 8, 2022, Plaintiffs filed the operative first amended complaint bringing federal and state
3    law claims against Defendants Dean Riano, Seth Addington, Christopher Ciampa, and the City of
4    Roseville.[1] (Doc. No. 8.) Relevant here, Plaintiff H.R. brings a single claim for negligent
5    infliction of emotional distress based on observing the February 21, 2021 incident. (Doc. No. 8 at
6    ¶¶ 134–40.)

On November 7, 2025, the parties participated in a settlement conference with Magistrate
Judge Dennis M. Cota and ultimately settled the case. (Doc. Nos. 58, 59.) On January 21, 2026,
Plaintiffs filed the pending *ex parte* application. (Doc. No. 60.) Therein, Plaintiffs indicate
Defendants do not oppose the application nor Plaintiffs' proposed distribution of the settlement
funds. (*Id.* at 2.) On February 25, 2026, the court issued an order directing Plaintiffs to provide
supplemental briefing identifying recoveries in similar cases to demonstrate the suitability of the
settlement amount. (Doc. No. 61.) On March 2, 2026, Plaintiffs filed a supplemental brief in
response to the court's order. (Doc. No. 62.)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles*, No.

---

[1] On June 13, 2025, Plaintiffs voluntarily dismissed Defendants Seth Addington and Christopher Ciampa from this case. (Doc. Nos. 47, 48.)

2

18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022); *A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is temporary or permanent. *See* L.R. 202(b)(2).

Further, Local Rule 202(c) provides:

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. (*Id.*)

## ANALYSIS

**A.     The Settlement Terms**

The parties' proposed settlement would resolve all claims brought by Plaintiffs against Defendants. (Doc. No. 60 at 6.) Under the terms of the parties' settlement, Defendants have agreed to pay a gross settlement amount of $900,000. (*Id.*) Plaintiffs have agreed to apportion the

settlement as follows: (1) $813,240.36 to Plaintiff Katherine Robles and her attorneys, and (2) $86,759.64 to Plaintiff H.R. and his attorneys. (*Id*.) Plaintiffs assert the division is fair and appropriate in this case due to the disparity in the number and magnitude of their claims. (*Id*. at 4.) Specifically, Plaintiffs note Plaintiff Katherine Robles asserted numerous claims alleging significant physical injuries resulting from the use of force against her and Plaintiff H.R. has asserted only one claim for negligent infliction of emotional distress, alleging emotional injury after observing the incident. (*Id*. at 4–5.)

Plaintiffs' retainer agreement with their attorneys, the Law Offices of Dale K. Galipo, provides for a 40% contingency fee, but Plaintiffs and their attorneys have agreed to reduce the contingency fee to 33%. (*Id*. at 7.) Plaintiffs' attorneys seek reimbursement for Plaintiffs' total litigation costs ($65,558.10) and settlement advances ($44,295.00) made to Plaintiff Katherine Robles. (*Id*. at 6–7, n.1.) Plaintiffs' attorneys also seek to hold in trust funds necessary to ensure the satisfaction of third-party liens placed on Plaintiffs' case for medical care provided to Plaintiff Katherine Robles.[2] (*Id.* at 6.) Plaintiffs assert the settlement advances and liens will be allocated to Plaintiff Katherine Robles' share of the settlement and will not be deducted from Plaintiff H.R.'s share. (*Id*. at 6.)

After the deduction of the agreed-upon 33% attorneys' fee ($30,112.73) and costs ($6,646.91), Plaintiff H.R.'s net recovery will be $50,000.00. (*Id*. at 6–7.) Plaintiffs request that Plaintiff H.R.'s net recovery be used to fund a structured settlement annuity for Plaintiff H.R. from Pacific Life & Annuity Services, Inc. (Doc. Nos. 60 at 10; 60-5 at 2.) Plaintiffs have attached the proposed annuity, which will pay Plaintiff H.R., after he reaches the age of eighteen years old (February 17, 2025), seven payments until February 17, 2044, when he will be thirty years old. (*See* Doc. No. 60-2.) Plaintiffs estimate Plaintiff H.R. will receive $88,000.00 in total from the annuity. (Doc. No. 60-1 at ¶ 13.)

/////

---

[2] Plaintiffs' attorneys estimate the total amount of third-party liens for medical care provided to Plaintiff Katherine Robles to be $75,000.00, which may be subject to reduction following negotiations with lienholders. (Doc. No. 60 at 7 n.1.)

B.     **Fairness of the Settlement**

As an initial matter, the court finds that Plaintiffs have complied with the requirements of the Local Rules. Plaintiffs provide the information required by Local Rule 202(b) and (c), namely Plaintiff H.R.'s age and sex, the nature of his claim to be settled, the facts out of which the claim arose, the manner in which the settlement amount was determined. (Doc. No. 60 at 5–6, 9–10.) Further, Plaintiffs provide sufficient details regarding the terms of employment of their attorneys in this case. (*Id*. at 11.)

Next, the court finds the net recovery Plaintiff H.R. will receive through the settlement is reasonable. The court notes that the application is unopposed and Plaintiff H.R.'s guardian *ad litem* and mother, Plaintiff Katherine Robles, has provided her "endorsement" of the settlement. (Doc. Nos. 60 at 12; 60-4.) The fact this settlement was reached through the parties' participation in a settlement conference with Magistrate Judge Dennis M. Cota (Doc. Nos. 58, 59), suggests that the settlement is fair and reasonable. *Parenti v. Cnty. of Monterey*, No. 14-cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) (finding minor's compromise reasonable where "the parties engaged in extensive negotiations with a magistrate judge to reach settlement").

Plaintiffs also contend Plaintiff H.R.'s net recovery is fair and reasonable under the circumstances given the "substantial amount of risk" in taking Plaintiff H.R.'s claim to trial. (Doc. No. 60 at 9.) Specifically, Plaintiffs acknowledge it is "disputed whether and to what extent Plaintiff H.R. witnessed the incident, [and] whether he witnessed it is essential to support his sole legal claim." (*Id*.) In light of these disputed facts, Plaintiffs' concerns regarding the risks of pursuing Plaintiff H.R.'s sole claim at trial are well-founded. Further, the settlement obviates the need for Plaintiff H.R. to endure a trial and provides for the certainty of recovery, as opposed to the uncertainty inherent in continued litigation and trial.

In their supplemental brief, Plaintiffs identify comparable cases where minors brought a negligent infliction of emotional distress claim. (Doc. No. 62 at 6–7.) The court finds Plaintiffs cited cases are comparable to this action and support the reasonableness of the settlement in this case. Further, based on the court's independent research, the court finds Plaintiff H.R.'s net

5

recovery of $50,000 ($88,000 in total from the annuity) is at least commensurate with, if not more valuable than settlement amounts approved by courts for minors in cases with a similar claim and factual circumstances. *See Parson v. City of Bakersfield*, No. 07-cv-01468-OWW-DLB, 2009 WL 453118, at *1 (E.D. Cal. Feb. 23, 2009) (approving a settlement of $5,000 to the minor plaintiff who "allegedly suffered emotional distress" after he "realized that his father had been shot") *report and recommendation adopted*, 2009 WL 902060 (E.D. Cal. Apr. 1, 2009); *Lobaton v. City of San Diego*, No. 15-cv-01416-GPC-DHB, 2017 2610038, at *3 (S.D. Cal. Jun. 16, 2017) (approving a settlement of $10,000 to a minor who suffered emotional distress after witnessing police officers "violently, assault, handcuff and forcibly take away his mother and brother"); *Valenzuela v. San Diego Police Dep't.*, No. 19-cv-00002-LL-DEB, 2022 WL 2438421, at * (S.D. Cal. Jul. 5, 2022) (approving a settlement of $5,000 to a minor who suffered emotional distress after witnessing the "unlawful arrest" of her mother) *report and recommendation adopted*, 2022 WL 2918611 (S.D. Cal. Jul. 25, 2022).

Further, the court finds that the amount deducted from Plaintiff H.R.'s gross recovery for attorneys' fees is reasonable here. As noted above, Plaintiffs and their attorneys have agreed to reduce the contingency fee to 33%. (Doc. No. 60 at 7.) In the Eastern District of California, attorneys' fees amounting to 25% of the total recovery is considered the benchmark for cases involving minors. *Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases); *see J.M. v. Tulare City Sch. Dist.*, No. 21-cv-01766-KJM-EPG, 2025 WL 436146, at *3 (E.D. Cal. Jan .27, 2025) ("Absent a showing of good cause, courts in the Eastern District of California generally consider twenty-five percent of the recovery as the benchmark for attorneys' fees in contingency cases for minors."); *Velez v. Bakken*, 17-cv-00960-WBS-KJN, 2019 WL 358703, at *2 (E.D. Cal. Jan. 29, 2019) (finding a contingency fee that was greater than the usually accepted benchmark of 25 percent to be fair and reasonable where minor plaintiff's counsel had experience with similar cases, spent time investigating the claims, and took a risk in pursuing the action on a contingency basis).

Notably here, Plaintiff H.R.'s attorneys have been involved in this case since June 20, 2023, undertook representation entirely on a contingency basis, advanced litigation costs and

settlement payments, and to date have not received any compensation for their services. (Doc. No. 60 at 6–7, 11.) Plaintiffs' lead attorney, Dale K. Galipo, has considerable skill and experience representing plaintiffs in civil rights cases, which may have contributed to Plaintiff's H.R.'s settlement amount for his claim exceeding that of the similar cases cited above. (*Id*. at 7–9.) Thus, the court does not find that Plaintiff H.R.'s attorneys' fees are excessive or unreasonable.

Lastly, the proposed method of distributing the settlement appears to be fair and reasonable. Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." E.D. Cal. L.R. 202(e). Under the settlement, Plaintiff H.R.'s net recovery will be placed into a structured annuity policy from which he will receive seven lump sum payments, after he reaches the age of eighteen years old until he reaches the age of thirty. (*See* Doc. No. 60-2.) The court finds the parties' structured annuity disbursement to be proper and sufficient to protect Plaintiff H.R. *See E.H. v. Cal. Exposition & State Fair*, No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *3 (E.D. Cal. Dec, 8, 2023) (approving a twelve year-old minor's compromise involving a structured annuity with four periodic payments); *Porter v. Cnty. of Solano*, No. 21-cv-01473-KJM-JDP, 2025 WL 2998536, at *2 (E.D. Cal. Sep. 2, 2025) (approving minors' compromise involving a structured annuity with distributions commencing on minor plaintiffs eighteenth birthdays and continuing through their twenty-fifth birthdays.)

Accordingly, based on the information provided in the application, the facts and circumstances of this case, the results achieved in comparable cases, the net amount to be paid to Plaintiff H.R., and the attorneys' fees at issue, the court finds the parties' proposed settlement to be fair and reasonable and will grant Plaintiffs' unopposed *ex parte* application for the court's approval of Plaintiff H.R.'s compromise.

## CONCLUSION

For the reasons explained above:

1.  Plaintiffs' unopposed *ex parte* application for approval of the compromise of the

claims of minor Plaintiff H.R. (Doc. No. 60) is GRANTED;

2. Within 30 days of this order, Defendants through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $900,000.00, payable as follows:

    a. Defendants will purchase a structured annuity for the minor Plaintiff H.R. in the amount of $50,000.00 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier"). Defendants shall purchase the annuity via a single draft for the annuity amount of $50,000.00.

    b. Defendants shall also make a draft for $850,000.00 payable to "Law Offices of Dale K. Galipo, Client Trust Account." Of these funds, $297,000.00 shall be used to satisfy the contingency fees owed by Plaintiffs Katherine Robles and H.R.; $65,558.10 shall be used for reimbursement of the litigation costs advanced for Plaintiffs Katherine Robles and H.R.; and $44,295.00 shall be used for reimbursement of settlement advances made to Plaintiff Katherine Robles. The remainder shall be distributed to Plaintiff Katherine Robles, following negotiation and satisfaction of any liens for medical care provided to Plaintiff Katherine Robles.

3. The Annuity Carrier shall provide periodic lump sum payments to Plaintiff H.R. as set forth as follows:

    a. $7,500.00 lump sum, guaranteed tax free, payable on February 17, 2032.
    b. $10,000.00 lump sum, guaranteed tax free, payable on February 17, 2034.
    c. $10,000.00 lump sum, guaranteed tax free, payable on February 17, 2036.
    d. $12,500.00 lump sum, guaranteed tax free, payable on February 17, 2038.
    e. $12,500.00 lump sum, guaranteed tax free, payable on February 17, 2040.
    f. $15,000.00 lump sum, guaranteed tax free, payable on February 17, 2042.

|   |   |   |
|---|---|---|
| | g. | $20,500.00 lump sum, guaranteed tax free, payable on February 17, 2044. |
| 4. | | All sums and periodic payments set forth in the preceding paragraph constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended; |
| 5. | | Disbursement drafts will be made payable to and will begin being issued directly to Plaintiff H.R. upon reaching the age of 18 years old according to the payment schedule as set forth above; |
| 6. | | Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendants' liability to make the periodic payments as described above. Such assignment, when made, shall be accepted by Plaintiff H.R. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee; |
| 7. | | Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier; |
| 8. | | The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership; and |
| 9. | | The Assignee may have the Annuity Carrier transmit payments directly to Plaintiff H.R. as set forth above. Plaintiff Katherine Robles (until Plaintiff H.R. reaches the age of majority) and then Plaintiff H.R. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. |

/////
/////
/////
/////

10. The parties shall file dispositional documents by no later than forty-five (45) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: __**March 5, 2026**__

_____
Dena Coggins
United States District Judge